Reed v. Bell.

the recognizance. The warrant of commitment was to have no effect until after the time allowed the prisoner to give his recognizance had expired. The justice, Tucker, complied with his duty in taking the recognizance and certifying it to the circuit court.

———•••———

REED, Defendant in Error, v. BELL *et al.*, Plaintiffs in Error.

1. To maintain an action of forcible detainer the plaintiff must be entitled to the possession of the premises in controversy.

2. Where a tenant invites and consents to the entry of a person upon the premises occupied, such entry is not "wrongful, without force, by disseisin," as against the landlord, within the second clause of section third of the act concerning forcible entry and detainer.

*Error to Callaway Circuit Court.*

This was an action of forcible detainer. Plaintiff stated in her complaint that on the first day of March, 1856, she was entitled to the possession of a certain tract of land [describing it] " and the house and appurtenances thereto belonging; and that Andrew K. Bell and James Bell wrongfully and without force, by entering into and upon said premises then held by complainant's tenant, obtained, and continue in, possession of said premises after demand," &c.

The cause was tried by the court without a jury. It appeared from the testimony of one Evans, that he was in possession of the premises described in the petition, and proposed that the defendants should come and live in the house, there being a vacant room not wanted for the use of his own family. This proposition was accepted. Demand of premises was admitted. It was also in evidence that plaintiff had tendered to Bell a " lease bond" " which he refused to sign, stating that he had come into possession of the land by the consent and permission of Evans, though he had acknowledged plaintiff's right of possession, and had intended to take a lease bond from her." The defendants moved the court to declare the law as follows: " If from the evidence in the cause it appears that the defendants came into possession of the premises mentioned in the complaint with the consent of the tenant of Winifred Reed, then they did not come into the same wrongfully and without force and by disseisin, and are not liable in this action." The court refused to declare the law, and gave judgment in favor of the plaintiff.

*H. C. Hayden*, for plaintiffs in error.

I. To maintain an action of forcible detainer the plaintiff must be entitled to the possession. Reed's tenant was in possession of the premises, and he gave permission to the Bells

to occupy a vacant room. The entry was not wrongful, with-
out force and by disseisin as against the plaintiff; certainly
not against the tenant. Not a solitary fact alleged in the
complaint was proved at the trial.

*Hardin*, for defendant in error.

I. The complaint is sufficient. (R. C. 1855, p. 788, § 6.)
Plaintiff was in possession by her tenant. The instruction
asked by defendant was properly refused. (See 1 Black.
157.)

RICHARDSON, Judge, delivered the opinion of the court.

The third section of the first article of the act concerning
forcible entry and detainer declares, that any person shall be
deemed guilty of an unlawful detainer who shall either "wil-
fully and without force hold over any lands, tenements or
other possessions after the termination of the time for which
they were demised or let to him or the person under whom
he claims," or wrongfully and without force by disseisin ob-
tain and continue in possession of any lands, &c, after demand
made in writing for the deliverance of the possession thereof.

It is manifest that the plaintiff intended to proceed under
the first clause of this section, and her counsel has assumed in
his argument that the defendants came into possession under
Evans, who was the plaintiff's tenant, and held over without
the plaintiff's consent after the termination of the time for
which the premises were let to Evans. On this hypothesis
the judgment ought to stand; but there is no evidence that
Evan's term had expired. To maintain the action of unlaw-
ful detainer, the plaintiff must be entitled to the possession,
and he can not recover for an intrusion on the possession of
his tenant. The evidence proved that the defendants came
into possession at the invitation and with the consent of the
plaintiff's tenant, and they were not then guilty under the
second clause of the section. The instruction asked by the
defendants ought to have been given.

The other judges concurring, the judgment will be reversed
and the cause remanded.