F. S. TAYLOR, et al., Respondents, v. FRANK WHITE, Appellant.

**Kansas City Court of Appeals, February 4, 1901.**

1. **Unlawful Detainer: LANDLORD AND TENANT: AGENTS.** Where agents of the owner leases the land in their own names, they constitute themselves landlords of the premises and the tenant, and those claiming under him, can not dispute their title.

2. ———: **VERIFICATION BY AGENT.** An agent of the landlord may verify a complaint in unlawful detainer.

3. ———: **SUBTENANT: EXTENT OF RECOVERY.** A landlord in unlawful detainer against a subtenant can only recover the amount of the property the subtenant leased from the tenant.

Appeal from the Vernon Circuit court.—*Hon. H. C. Timmonds,* Judge.

REVERSED AND REMANDED.

*J. B. Journey* for appellant.

(1) Parties who are acting as mere agents of the owners of this land would not be authorized to maintain a suit for the recovery of their principals' land in their own name. Section 3324, Revised Statutes 1899, says that the complaint shall be made in writing, signed by the party aggrieved, and sworn to. R. W. Taylor is neither the party aggrieved, their agent nor attorney. (2) Before an action of unlawful detainer can be

maintained under the first sub-division of section 3321, Revised Statutes 1899, the relation of landlord and tenant must exist, at least to some degree, between the plaintiff and defendant. This relationship never existed in the remotest degree between the plaintiffs and this defendant. Elliot v. Abell, 39 Mo. App. 346; Johnson v. West, 41 Ark. 535; Miller v. Turney, 13 Ark. 385; Mason v. Delancy, 44 Ark. 444; Dortch v. Robinson, 34 Ark. 396; Doty v. Burdick, 83 Ill. 473; Luttrell v. Corruthers, 5 Ill. App. 544; 8 Am. and Eng. Ency. of Law (New Ed.), p. 105, sec. and notes; p. 112, sec. 1, and notes; p. 129, sec. 8, and notes; p. 138, sec. 9, and notes; p. 155, sub-division 5, and notes; p. 161, subdivision c, and notes. (3) Error three consists in the court refusing to give defendant's instruction number three. This instruction is based upon the law as laid down in the case of Elliott v. Abell, 39 Mo. App. 346, and the authorities sited supra.

*D. M. Gibson* for respondents.

(1) Judgment in excess of declaration cured by remittitur. Schilling v. Speck, 26 Mo. 489. (2) Holding over in unlawful detainer, strictness in pleading before justice of the peace court not required. McCartney v. Auer, 50 Mo. 396; Ish v. Chilton, 26 Mo. 256; Alexander v. Westcott, 37 Mo. 108. (3) Opinion of Judge Gill, Witte v. Quinn, 38 Mo. App. 681, at middle of page tells how unlawful detainer may be committed in two ways. (4) Judge Richardson, we think, correctly held the law in the case of Reed v. Bell, 26 Mo. 218, if term had expired for White, tenant, held. R. S. 1899, sec. 3321. In that instance it had not, but in appellant's case, sublessee's term had expired.

BROADDUS, J.—This action was begun before a justice of the peace and appealed to the circuit court where plaintiff obtained judgment, from which defendant has appealed. The

plaintiffs seek to recover lots four and five of the northwest quarter of section 4, township 34, range 33, containing about 160 acres. The complaint is in the usual form and alleges damages in the sum of $25.

The evidence shows that plaintiffs, who live at McComb, Ill., rented the 160 acres of land in controversy, in the fall of the year 1897, to one Ed. Yaley for a term beginning the first day of March, 1898, and ending the first day of March, 1899. Mr. Yaley, with the consent of the plaintiffs, sublet the entire tract to one J. M. Hiller, who sublet the house standing on the premises and from ten to fifteen acres of the land to the defendant. This last subletting was unknown to the plaintiffs until some time in April, 1899, at which time through their agent, R. W. Taylor, they endeavored to make some arrangement for renting it to him which was not consummated. The defendant refused to vacate the premises and this suit was instituted.

At the close of plaintiffs' case the defendant offered a demurrer to their right to recover which was overruled. This action of the court was proper and is no ground for reversal.

It is claimed that as the plaintiffs were merely agents of the real owners of the land they could not maintain the action. But it does not appear from the evidence that the land was rented to Yaley in the name of the real owners, whoever they may have been, but that the plaintiffs rented it themselves to the first tenant and consented to it being subleased. It seems, however, that plaintiff F. S. Taylor did own an interest in the property and that in connection with the plaintiff Venable they were agents of others owning an interest therein and had authority to manage and control it. From the evidence the inference is plainly deducible that they constituted themselves the landlords of the premises. Such being the case, the defendant and those under whom he claimed could not dispute the title of their landlords. And there is nothing in the point that R. W. Taylor, who swore to the complaint, had no authority to do

so. The landlords state in their evidence that he was their agent and that they approved of his action in bringing the suit.

But there is one serious objection made to the ruling of the court in refusing defendant's instruction number three, which is to the effect that if plaintiffs recovered in the case, their recovery must be limited to that part of the premises that defendant White rented from J. M. Hiller in 1898, with damages for waste and reasonable rent.

This instruction is in harmony with the rule laid down by the St. Louis Court of Appeals in Elliott v. Abell, 39 Mo. App. 346; and as I can find no decision of this state overruling that one, it will be well to follow it. It should be followed for the further reason that it seems to be the true interpretation of the law of unlawful detainer as defined by section 3321, Revised Statutes 1899. But it is claimed that that case is not in harmony with the case of Reed v. Bell, 26 Mo. 216. But such claim is unfounded, and there is no conflict between them. Both enunciate the same rule that for a plaintiff to recover for unlawful detainer, the relation of landlord and tenant must exist. The fault with this case is that the plaintiffs were not limited in their right to recover to that part of the land in which the relation of landlord existed, but they were allowed to recover for the whole 160 acres, when the evidence showed that the defendant was the subtenant of Hiller to the extent of the house and ten or fifteen acres of ground and no more. For the residue of said land plaintiff would have to resort to the second clause of said section, and allege and prove written demand.

It is admitted that it was error to render judgment against defendant's securities on the appeal bond, and that the amount of the judgment is excessive. For the latter a remittitur would correct the error which plaintiffs offer to make, but as there were other material errors it would not avail them.

Reversed and remanded. All concur.