(63 App. Div. 318.)

### MAYER v. KILLILEA.

(Supreme Court, Appellate Division, Second Department. July 25, 1901.)

ORDER OF CONTRACTOR—MATERIALS FURNISHED—NECESSITY FOR FILING.

Defendant, a property owner, entered into a contract with E., a builder, for certain improvements, and E. contracted with plaintiff for certain materials. On E. failing to pay the agreed installments, the plaintiff refused to furnish any more materials, and defendant accepted an order from E. to pay plaintiff, when due, for the materials furnished. *Held*, that the order was a personal contract of the defendant with plaintiff, and was not invalid for not having been filed as required by Laws 1897, c. 418, § 15, providing that no order drawn by a contractor on the owner of realty for money for materials furnished shall be valid until the order, or a copy thereof, be filed in the office of the county clerk.

Appeal from Kings county court.

Action by Michael Mayer against Ellen Killilea. From a judgment in favor of the plaintiff, the defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

John H. Kemble, for appellant.
Isidor Buxbaum, for respondent.

WOODWARD, J.　The defendant is the owner of certain premises in Brooklyn. She entered into a contract with one Engle to make improvements on her property. Engle was a builder, and had entered into a contract with the plaintiff to furnish certain materials for carrying on the work, the stipulated price being $1,650, payable in installments, according to the progress of the work. Engle failed to make the second payment when due. Nathaniel Conklin, representing the plaintiff, called upon Engle, and demanded payment of the second installment of $1,000, informing Engle that no more materials would be furnished by plaintiff unless the amount then due was paid. It appears that the defendant was present when this demand was made, and overheard the conversation; that she asked Conklin to complete the contract, and to furnish the materials, as she was obliged to have the building finished, having rented the same under a lease, promising to pay the plaintiff his entire claim for the materials in full. The matter was put into a writing in the following manner:

"Brooklyn, July 28th, 1900.

"Mr. Fred Engle: Pay to the order of Michael Mayer, on my payment one thousand dollars, on my other payment four hundred and sixty dollars (1,000+460=1,460), and charge same to my account.　　　Fred Engle.

"I will pay to Michael Mayer the above when due.

"Mrs. E. Killilea."

The defendant subsequently paid $500 on this account, leaving an unpaid balance of $960, and this action was brought to recover that sum, resulting in a judgment for the plaintiff, the defendant appealing.

It seems that, after the defendant had entered into this agreement to pay the plaintiff the amount of his claim for materials furnished and to be furnished, other persons, material men and laborers, filed mechanics' liens upon the premises, their claims aggregating an amount sufficient to take up practically the entire contract price of the improvement, and the defendant refused payment to the plaintiff on the ground that the order had not been filed in the office of the county clerk, as provided by section 15 of the lien law (chapter 418, Laws 1897). This section provides that:

"No assignment of a contract for the performance of labor or the furnishing of materials for the improvement of real property or of the money or any part thereof due or to become due therefor, nor an order drawn by a contractor or sub-contractor upon the owner of such real property for the payment of such money shall be valid, until the contract or a statement containing the substance thereof and such assignment or a copy of each or a copy of such order, be filed in the office of the county clerk of the county wherein the real property improved or to be improved is situated, and such contract, assignment or order shall have effect and be enforceable from the time of such filing."

The defendant relies upon this section as a defense, it being conceded that the order above set out has not been filed in the manner above prescribed; but we are of opinion that the order here involved

is something more than the order of the contractor, and that it has become the personal contract of the defendant with the plaintiff, and is not within the letter or spirit of the statute. If the last clause of the section above quoted had read, "and such contract, assignment or order shall have effect and be enforceable as a lien upon the premises from the time of such filing," no one would have thought of suggesting that it was a defense to the present action. Yet this is clearly the intent of the provision, and there is no reason to suppose the legislature contemplated a rule by which a contract based upon a substantial consideration should be declared void merely because it appeared in the form of an order upon the owner of the premises. This action is not brought under the mechanic's lien law, but upon an independent contract on the part of the defendant with the plaintiff. The court below has found as a matter of fact that the "defendant, in consideration of the plaintiff furnishing the balance of the building materials, part of which said building materials had been delivered, and to enable the said Fred Engle to finish the building of the house of which said defendant was the owner, by an instrument in writing, which is annexed to the complaint as Schedule B, promised to pay this plaintiff the sum of fourteen hundred and sixty ($1,460.00) dollars when the same became due," and "that the plaintiff, in consideration of said promise by the defendant, delivered the balance of said building materials." It follows naturally, from this state of facts, that the plaintiff is entitled to recover the amount still due upon this contract; it being conceded that the improvement has been completed.

The judgment appealed from should be affirmed, with costs. All concur.