(70 App. Div. 224.)

PRATA v. GREEN.

(Supreme Court, Appellate Division, First Department. March 21, 1902.)

CONTRACT—TO WITHHOLD MONEY—BREACH—LIABILITY.

Where a mortgagee of premises on which the owner has contracted to build certain houses agrees with a subcontractor, who has refused to supply further materials until sums due are paid, that he (such mortgagee) will withhold for such subcontractor a certain sum from certain moneys which are to come into such mortgagee's hands for such owner, if such subcontractor will continue to supply materials, and he does so, and such mortgagee receives the money, and pays it to such owner, the subcontractor can collect from such mortgagee, under such contract, the amount he so agreed to withhold.

Van Brunt, P. J., dissenting.

Appeal from trial term, New York county.

Action by Tobia Prata against Samuel Green. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and HATCH, JJ.

Alexander Rosenthal, for appellant.
Milton Mayer, for respondent.

HATCH, J. The defendant, being the owner of certain premises, conveyed the same to one Cohen, and entered into an agreement

with the latter for the erection of six houses thereon, defendant agree-
ing to procure a building loan to be advanced in certain sums as
progress was made with the buildings. Green took back a mortgage
from Cohen upon the premises, subject to the mortgage securing
the building loan. By the terms of the contract under which the
houses were erected Green was to advance to Cohen the sum of
$5,750 when the buildings should be inclosed. This was called the
"inclosure payment." Cohen made and entered into a contract with
the plaintiff's assignors to furnish stone to be used in the construc-
tion of the buildings. The evidence on the part of the plaintiff
tended to show that Cohen made default in payment for the stone
delivered pursuant to such contract, and that by reason of such de-
fault plaintiff's assignors refused to deliver further stone thereunder
until payment was made for that already delivered. This being the
situation, and the defendant being anxious that Cohen should fulfill
the contract and complete the houses, he applied to the plaintiff's
assignors to furnish the stone, and, in order to induce them so to do,
he entered into the following contract:

"New York, November 2, 1899.
"Received from Samuel Green his check for ($400) four hundred dollars,
for which we promise to deliver the stones needed for the six houses which
David Cohen is building on 113th St., between 1st and 2nd avenues. It
being understood that David Cohen has given to Samuel Green an order
for the total sum of the inclosure payment he is to receive upon five of said
houses, and that Samuel Green promises to hold an additional sum of eight
hundred dollars for us until the six buildings are inclosed.

"New York, November 2, 1899.
"I agree to withhold $800 from the amount of the inclosure payment &
pay the same to S. Pizzutiello and Sons.
"[Signed]                                   Samuel Green."

Pursuant to this engagement, Pizzutiello & Sons furnished the
stone, and in all substantial respects made compliance with the con-
tract. After its execution, but before the buildings were entirely
inclosed, Green obtained from the building loan fund, pursuant to
the order which had been delivered to him by Cohen, $4,950, leaving
a balance due upon the inclosure payment, if the contract had been
fulfilled, of the sum of $800. The defendant paid to Cohen the
amount that he received of the inclosure payment prior to the time
when it was due according to the terms of Cohen's contract. After
such payment Cohen abandoned his contract, leaving the same un-
completed, and never in fact entirely inclosed the buildings. Green
assigned his mortgage to a party, who foreclosed the same, and upon
the sale he bought in the premises, and subsequently resold the same.
Plaintiff's assignors applied to the defendant after they had delivered
the stone, and asked for payment. Defendant requested them to
wait, as he would be obliged to foreclose his mortgage, and when
the matter was straightened out he would pay the money. It never
having been paid, Pizzutiello & Sons assigned their contract to the
plaintiff, who brings this action.

The rights of the parties are to be determined from a construction
of defendant's contract under which he assumed the payment of the
$800. It is undisputed that Green had a substantial interest in pro-

curing the contract made by Cohen to be fulfilled. His mortgage security very largely depended for its value upon such fulfillment. It was clearly for his benefit that the stone was furnished, and by virtue of his undertaking he procured its delivery, and had the benefit of plaintiff's material in the construction of the buildings, and he had it within his power at all times to protect Pizzutiello & Sons from any loss in connection with the transaction. The equitable features, therefore, which the case presents are clearly with the plaintiff. By the terms of the defendant's agreement, no particular sum was reserved from the inclosure payment to which it could be made applicable. Such payment was all due at one time, and, when due, $800 thereof belonged primarily to plaintiff's assignors, and defendant was bound at his peril to see that they received it. While the defendant had the right to stand upon the terms of his contract with Cohen, and make no payment until the houses were inclosed, it was nevertheless competent for him to waive strict performance of the contract, and make such payment; but he could not so pay if thereby the plaintiff's assignors were prejudiced. Eight hundred dollars of the inclosure payment belonged equitably to the plaintiff's assignors, and, if the defendant chose to recognize Cohen's right to receive the inclosure payment, the right of plaintiff's assignors to be paid immediately attached thereto. This money became due to them the moment that the defendant recognized Cohen's right to receive the same, and he did so recognize it when he made the payment. The act of payment upon the part of the defendant was distinctly prejudicial to the right of plaintiff's assignors, and, as defendant was obligated to pay this debt from the inclosure payment, he had no right, under the terms of the contract, to deplete the fund, without protecting the interest of plaintiff's assignors therein. Beardsley v. Cook, 143 N. Y. 143, 38 N. E. 109.

It being conceded that Green paid upon the inclosure payment $4,950 in utter disregard of his contract to pay for the stone which had been furnished for the building, we think he may not shelter himself from liability by now setting up the claim that he had retained a sum sufficient from the inclosure payment to meet this claim, and would have paid it had Cohen fulfilled his contract. We think that such is not the fair construction of his engagement. On the contrary, we are of opinion that when he recognized the right of Cohen to receive payment for his part of the work he was immediately charged with an obligation created by his contract to pay the plaintiff's assignors. We therefore conclude that the construction placed upon the contract by the court below was correct, and that, the defendant having received and paid to Cohen more than was sufficient to discharge this claim, he became liable therefor.

Under this view of the case, there are no other questions which require consideration. It follows that the judgment and order should be affirmed, with costs.

O'BRIEN, INGRAHAM, and McLAUGHLIN, JJ., concur. VAN BRUNT, P. J., dissents.