HANS WENIGER, Respondent, *v.* THE FOURTEENTH STREET STORE, Appellant.

1. BILLS, NOTES AND CHECKS — ORDER FOR PAYMENT OF SUM OF MONEY, OUT OF FUND TO BECOME DUE ON CONTRACT, AN ASSIGNMENT PRO TANTO OF AMOUNT. An order, for the payment of a sum of money, directing that the amount be charged to the drawer on account of a contract previously entered into between him and the drawee, amounts in law to an assignment, *pro tanto*, of what moneys may thereafter be payable on such contract and substitutes the payee as the recipient, to that extent, of any future payments on the contract. The drawee, from the time of its acceptance, is bound to apply any moneys to be paid on account of

the contract to the payment of the amount called for by the order, before paying any part of it to any one else.

2. SAME — DRAWEE BOUND TO PAY ORDER PRIOR TO MAKING ANY OTHER PAYMENTS ON CONTRACT. A contractor doing work on a building, for which the owner was to pay in three installments, gave an order directing the owner to pay to another a specified sum to be charged as a payment on the contract, which order was duly accepted by the owner, who promised to pay the amount thereof from the first moneys due on the contract, and the contractor then demanded a payment on account, to which the payee consented, postponing payment of his order to the following month, but in that month the owner made two additional payments to the contractor, whereupon the contractor became a bankrupt and the owner refused to pay the order. *Held*, that an obligation, on the part of the owner to pay to the payee the amount of the order, was created and became enforceable the very moment that the further payments to the contractor were made.

*Weniger* v. *Fourteenth St. Store*, 117 App. Div. 921, affirmed.

(Argued March 3, 1908; decided March 31, 1908.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 8, 1907, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court and an order denying a motion for new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Benjamin G. Paskus* and *Arthur W. Weil* for appellant. The plaintiff, as the holder of the order given by the contractor Tarlo, was simply the equitable assignee *pro tanto* of a specific sum expected to become due under a contract and as such stood in the shoes of the contractor. It was incumbent upon him to show that the moneys assigned, thereafter actually became due to his assignor. (*Ellison* v. *McCahill*, 10 Daly, 367; *Crane* v. *Knubel*, 61 N. Y. 654; *Conselyea* v. *Blanchard*, 103 N. Y. 202; *Goldingay* v. *Smith*, 62 N. J. Eq. 354; *Quinn* v. *Aldrich*, 70 Hun, 205.) The fact that payments were actually made to Tarlo by the defendant does not change the situation. The payments so made did not

operate to the prejudice of the plaintiff, and no estoppel or waiver was pleaded or proven. (*La Chicotte* v. *R. R. R. & E. Co.*, 15 App. Div. 380; *McEntyre* v. *Tucker*, 36 App. Div. 53; *Fox* v. *Davison*, 36 App. Div. 159; *Keeler* v. *Fischer-Hansen*, 27 Misc. Rep. 324; *Hecla Iron Works* v. *Hall*, 115 App. Div. 126; *Quinn* v. *Aldrich*, 70 Hun, 205; *Beardsley* v. *Cook*, 143 N. Y. 143; 154 N. Y. 707; *Prata* v. *Green*, 70 App. Div. 224; 174 N. Y. 535.)

*Otto C. Sommerich* and *Maxwell C. Katz* for respondent. It is immaterial whether Tarlo & Son had complied with all the conditions precedent to the payment of the April payment; the payments in April, by the very fact of being made, made them due and payable and applicable to the payment of the order sued upon. (*Prata* v. *Green*, 70 App. Div. 224; 174 N. Y. 535; *Beardsley* v. *Cook*, 89 Hun, 151; 154 N. Y. 707; *Dean* v. *Sire*, 48 Misc. Rep. 606; *Rogers* v. *Decker*, 131 N. Y. 490.)

Gray, J. The defendant in this action, a corporation, had made a contract with Tarlo & Son for certain store fixtures, to be placed in its new building; which was then in process of construction. The sum of $36,500 was to be paid therefor, in installments, at times specified, and, as it happened, in the course of events, the payments were to become due by the terms of the contract as follows: $33\frac{1}{3}\%$ on March 1st, 1904, $33\frac{1}{3}\%$ on April 1st, 1904, and the balance on completion of all fixtures under the contract. Pending the contract the contractor gave to the plaintiff the following order, namely:

"*December* 30, 1903:

"The 14th St. Store,
          "New York City.

     "Gentlemen:

"We hereby authorize and request you to pay to Mr. H. Weniger, No. 437 Arch Street, Philadelphia, Pa., the sum of $3,000, charging the same to my account on account of my

contract as follows, for furnishing and erecting all fixtures in 2d and 3d floors of store 14th St. and 6th Ave., New York City, as per agreement under date of October 14, 1903.

"Very truly yours,

"ROBERT TARLO & SON."

It was not denied that the defendant duly accepted this order and promised to pay the amount thereof to the plaintiff from the first moneys due Tarlo & Son on account of the existing contract. The failure of the defendant to do so constitutes the plaintiff's cause of action. The issue made by the answer was with respect to the allegation in the complaint that a second payment became due and payable in April to the contractor, which exceeded the amount of the order. Upon the trial of the case, it appeared that the building of the store had been delayed and that it was not ready for the reception of the fixtures by the first of March. Tarlo demanded that the defendant should pay him $12,000 of the amount of the contract price and it was, then, arranged that the latter would pay $10,000, if the payment of the plaintiff's order could be postponed to April. The plaintiff consented and the contractor received his money. In the early part of April the defendant made two payments to the contractor, aggregating $5,150. In paying $3,000 of that amount the defendant had taken the contractor's receipt therefor as though upon plaintiff's account; but it was without the knowledge, or acquiescence, of the plaintiff. The contractor, after receiving the two April payments from the defendant, was adjudged a bankrupt. The defendant refused to pay to the plaintiff the amount of the order. Upon the trial, the defendant claimed that the contractor had obtained his several payments upon false representations, made with respect to the completion of the fixtures, and that, in fact, nothing was due to him in April upon the contract. The trial judge, at the conclusion of the evidence, submitted three questions to the jurors. They were required to say, *first*, whether the contractor, prior to the first payment made in April, had stated

to an officer of the defendant that all the fixtures in question were completed and ready to be delivered; *second,* if this statement had been made, whether that officer believed it to be true, and, *third,* if the statement was made and believed by the officer, did he make the April payments in reliance thereon? The jury answered each of these questions in the negative. Afterwards, each party moved for the direction of a verdict and the court directed a general verdict in favor of the plaintiff.

By their verdict the jurors eliminated from the case the questions of fraud and misrepresentation, which the defendant had injected into the issue. The case presented, simply, the one question whether, upon the facts, the defendant had come under a legal obligation to pay to the plaintiff the amount of the order, which the contractor had given him upon the defendant and which the latter had accepted. Very clearly, in my opinion, that obligation was created and became enforceable the very moment that the defendant made the further payments in April to the contractor. The order amounted, in law, to an assignment, *pro tanto,* of what moneys might thereafter be payable upon the contract. The effect of giving it was to substitute the plaintiff as the recipient, to that extent, of any future payments. From the time of its acceptance, the defendant was bound to apply the fund to its payment before paying out any part of it to any one else. (*Lauer* v. *Dunn,* 115 N. Y. 405.) When, in March, payments were demanded by the contractor and made by the defendant, the plaintiff had consented to the postponement of the payment of his order until April. When, however, in that month, the defendant, instead of paying what was due to the plaintiff, recognized the right of the contractor to a further payment, the right of the plaintiff to receive his money became complete. The defendant might, perhaps, have declined to make any payments in April, until satisfied that the requirements of the contract had been met by the contractor; but it was, also, quite competent for it to waive strict performance of the contract and to acquiesce in the con-

tractor's demands for further payments at that time. If the defendant chose to do so, however, it could not be indulgent at the expense of the plaintiff. The instant that the defendant agreed to make a further payment to the contractor, that instant the superior right of the plaintiff arose and required that the fund be first applied to the payment of the accepted order. Any payment, made regardless thereof, was distinctly prejudicial to the plaintiff; because it deprived him of a fund, of which he was, *pro tanto*, the assignee.

For these reasons, I think that the judgment appealed from was right and that it should be affirmed, with costs.

CULLEN, Ch. J., HAIGHT, VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.