HECTOR M. HITCHINGS, Assignee for the Benefit of Creditors of the ENOS & WATKINS COMPANY, Respondent, *v.* THE CITY OF NEW YORK and GEORGE E. RYAN, Respondents, Impleaded with CENTRAL ELECTRICAL SUPPLY COMPANY, Appellant.

First Department, March 8, 1918.

**Liens — assignment by contractor of " moneys due "— right of lienor to attack assignment for failure to comply with section 15 of Lien Law — words " moneys due " construed.**

An assignee of a subcontractor who has not established a lien cannot question the validity of an assignment by the contractor of moneys due upon the ground that it did not contain a copy of the contract or a statement containing its substance as required by section 15 of the Lien Law, as said statute can be invoked only by a subsequent lienor.

An assignment by a contractor after the substantial completion of the contract of " moneys due " may be construed to mean an assignment of

moneys " to become due," where the exact contract price was named in the assignment and it was only necessary to secure the certificate of a city department to make the money payable.

APPEAL by the defendant, Central Electrical Supply Company, from so much of a judgment of the Supreme Court in favor of the respondents, entered in the office of the clerk of the county of New York on the 5th day of July, 1916, upon the decision of the court after a trial at the New York Special Term, as adjudges that the assignment from the defendant George E. Ryan to the defendant Central Electrical Supply Company, dated May 26, 1914, is void, and from so much thereof as denies to the said defendant Central Electrical Supply Company the relief asked by it herein.

*Walter G. Gooldy* of counsel [*Ashton Parker*, attorney], for the appellant.

*Hector M. Hitchings* of counsel [*Hitchings & Burdick*, attorneys], for the respondent.

SMITH, J.:

One George E. Ryan had a contract for furnishing the electrical supplies for the Roman Catholic church on Randall's Island. On May 26, 1914, Ryan gave to the Central Electrical Supply Company a paper which reads in part as follows: " I hereby assign to the Central Electrical Supply Company for value received, moneys due me from the Department of Charities for labor and material for the complete electrical plant in the Church of the Sacred Heart, Randall's Island, amount $899.00, proposition No. 166."

This assignment was not filed until the 1st day of August, 1914, when it was filed with the proper officers. The defendant, appellant, has asked for an affirmative judgment, directing the payment of these moneys pursuant to the terms of this assignment.

It appears that Ryan after having obtained this contract made a subcontract with the Enos & Watkins Company, the plaintiff's assignor, for the full performance of the work. This work was apparently completed on or about May 10, 1914, and upon May twenty-eighth, two days after the assignment to the defendant, appellant, the Enos & Watkins Company filed a mechanic's lien under the statute.

(See Lien Law [Consol. Laws, chap. 33; Laws of 1909, chap. 38], § 12, as added by Laws of 1911, chap. 873.) This mechanic's lien was abandoned and upon February 10, 1915, another mechanic's lien was filed by this plaintiff as the assignee of the Enos & Watkins Company under a general assignment for the benefit of creditors for the same work. This action was brought to enforce that second lien, but this action was not commenced until May 11, 1915, and the court held that the lien had become ineffectual by reason of the failure of the plaintiff to commence the action within the three months required by the statute. (See Lien Law, § 18, as added by Laws of 1911, chap. 873.) The plaintiff, however, has been given a personal judgment against Ryan for the amount of his contract. From this judgment the plaintiff has not appealed and must be deemed to have assented to the ruling of the court that it has no valid lien upon this fund. In this action the defendant, appellant, applied for leave to intervene and was by order of th court made a party defendant and in its answer demanded an affirmative judgment that these moneys be awarded to it under its said assignment of May twenty-sixth. The trial court, however, held that the defendant's assignment was void and disallowed its claim, and from so much of the judgment this defendant has here appealed.

The defendant's assignment was held void by the court, according to the opinion rendered, upon the ground that it did not contain a copy of the contract or a statement containing its substance, as required by section 15 of the Lien Law.* It has been held in *Edison Electric Illuminating Co.* v. *Frick Co.* (221 N. Y. 1), followed by *Williams Engineering & Contracting Co.* v. *City of New York* (222 id. 1), that the statute can be invoked only by a subsequent lienor. Within these authorities as plaintiff has not established a lien he is in no position to question the validity of this assignment.

The plaintiff seeks to defend this judgment, however, upon another ground, to wit, that at the time of the assignment there were in fact no moneys due under the contract. In

_____

* See, also, Lien Law, § 16, as added by Laws of 1911, chap. 873. Since amd. by Laws of 1916, chap. 507.— [REP.

the lien first filed by the plaintiff's assignor, upon May twenty-eighth, two days after the assignment, it was recited to be for $490, " due to the claimant on the 10th day of May, 1914, from George E. Ryan, upon a contract specified below for the work, services and materials specified below." Further, the notice of lien stated: " The materials furnished and labor performed thereunder have been accepted as completely and fully furnished and performed by said Ryan." The finding of the trial court is that the contract was not completed until the 4th day of August, 1914. From the evidence it appears that the contract was substantially completed on May 10, 1914, prior to the delivery of the assignment to the defendant. All that was thereafter done, up to August 4, 1914, was the reburnishing of certain fixtures which apparently had become tarnished since they were placed in the building, and the certificate of the completion of the work, which was a condition precedent to the payment of the money, was not furnished until February 11, 1915. Under these facts it cannot be doubted that it was the intention of Ryan to pass to the defendant, appellant, the title to these moneys, although they were not payable until the certificate of the department of water supply, gas and electricity was furnished. The work had been practically completed. The amount was mentioned in the assignment as $899, which was the exact contract price which Ryan was to receive. The designation of these moneys as moneys due upon the contract in no way militates against the express intent of the parties to pass to the defendant, appellant, the contract price held by the city. The words " due upon the contract " are clearly capable of this construction. In *Buehler* v. *Pierce* (175 N. Y. 267) Judge CULLEN says: " The term [' due '] is used in different senses, sometimes as meaning payable, sometimes as meaning only owing and not yet payable."

In Words and Phrases ([2d ed.] vol. 2, p. 160) it is said: " The word ' due ' in its larger sense is often used to cover liabilities, matured or unmatured, or as importing an existing obligation, whether the time of payment has arrived or not."

In Bouvier's Law Dictionary [Rawle's 3d Rev.], at page 946, volume I, it is said: " The word ' due,' unlike ' arrears' has more than one signification, and expresses two distinct

ideas. At times it signifies a simple indebtedness without reference to the time of payment."

Even if the word " due " must in this case be construed to mean " to become due," the intention of the assignor appears so clear from the naming of the exact contract price that the court will effectuate that intention by so construing the wording of the assignment. This is not the case of construing an assignment as against a subsequent lienor, because the plaintiff is held to have no lien; nor is it a case of the withholding of an assignment from the record for the purpose of misleading a third party to advance moneys upon the faith of Ryan's ownership, because the assignment itself was not made until after the work had been substantially finished, and there was needed only the certificate of the city department to make the same payable. With this construction of the assignment, in the absence of a superior lien, the defendant was clearly entitled to the relief demanded in its answer and the judgment so far as appealed from by the defendant, appellant, should be reversed and judgment directed in favor of the defendant for the relief demanded in its answer, with costs against respondent as assignee in this court and in court below.

CLARKE, P. J., DOWLING, PAGE and SHEARN, JJ., concurred.

Judgment reversed and judgment ordered for defendant as stated in opinion with costs in this court and in the court below. Order to be settled on notice.