Thomas C. O'Connor, Respondent, v. Julia A. Smallwood, Appellant.

First Department, May 31, 1918.

**Assignment — order upon fund — rights of assignee measured by performance by assignor.**

Where a contractor entitled to payment of installments as the work progressed, gave an order that the owner pay a certain amount to the plaintiff, the order worked an assignment of the fund to become due, but only to the extent that the funds were earned by the contractor by due performance of his contract.

Appeal by the defendant, Julia A. Smallwood, from an order and determination of the Appellate Term of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 18th day of February, 1918, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Third District.

*Henry Greenberg*, for the appellant.

*Francis B. Wood*, for the respondent.

Page, J.:

The defendant entered into a contract with one Stevens for certain alterations in premises owned by the defendant. Under the terms of the contract Stevens was to receive $6,350 in five installments, the first four being for $1,500

each. Prior to October 28, 1915, the plaintiff filed with the defendant an order drawn by Stevens upon the defendant for $1,000. At this time there had been paid to Stevens $1,200, leaving a balance due on the first payment of $300. On October 29, 1915, Stevens applied to the defendant for payment on account of the contract and defendant, claiming that the time for the completion of the contract had expired, said she could not make a payment without the consent of the surety company that had given a bond for Stevens' performance of the contract, and unless the plaintiff withdrew the order. After some negotiation plaintiff withdrew his order and accepted a new order which he filed with the defendant, which provided for a payment of $1,250 in three installments, $400 from the second payment on said contract, $400 from the third payment and $450 from the fourth payment, and the time for the performance of the contract was extended for thirty days, all with the consent of the surety company. The defendant then paid Stevens $750 with which he claimed he could complete his contract. He thereafter did but very little work and defendant had to complete the contract.

Plaintiff brought this action to recover the sum of $750, claiming that the amount paid by defendant was from moneys that had been assigned to him. On the trial, however, he withdrew his claim to be paid the $300 which was the balance due on the first payment and recovered judgment for $400 which by a divided court was affirmed by the Appellate Term. By the express terms of the order the plaintiff was only entitled to be paid out of the second and subsequent payments. If the second payment had been earned and the defendant in disregard of plaintiff's rights under the order had paid the entire amount thereof to the contractor, the plaintiff would have been entitled to recover $400 from the defendant. (*Weniger* v. *Fourteenth Street Store*, 191 N. Y. 423; *Prata* v. *Green*, 70 App. Div. 224; affd., 174 N. Y. 535.) The payment was made out of moneys earned, only to the extent of $300. The $450 was an advance made simultaneously with the receipt of the order with the acquiescence of the plaintiff to enable the contractor to complete his contract and earn the future payments. In order to recover herein it would be necessary for the plaintiff to prove that the con-

tractor earned the second payment, for the order was an assignment of a fund to become due and would not attach unless and until such a fund came into existence. The plaintiff wholly failed to prove a cause of action.

The judgment was, therefore, wrong and should have been reversed.

The determination of the Appellate Term and the judgment of the Municipal Court should be reversed, with costs of the appeal in that court and this, and judgment ordered dismissing the complaint in the Municipal Court, with appropriate costs upon the merits.

CLARKE, P. J., LAUGHLIN, DOWLING and SHEARN, JJ., concurred.

Determination and judgment reversed, with costs, and judgment ordered dismissing complaint on the merits, with costs.