HARRIS S. WILLIAMS, as Trustee of OTIS & SONS ENGINEERING COMPANY, in Bankruptcy No. 5016, Appellant, *v.* THE ARTHUR H. CRIST COMPANY, Respondent.

Third Department, December 29, 1919.

Practice — opening judgment and substituting party as sole plaintiff — when party acquires no interest under assignment of cause of action within meaning of section 756 of Code of Civil Procedure — party cannot be substituted as sole plaintiff where effect would be to change cause of action.

A corporation, prior to bankruptcy, gave an order on the defendant, its debtor, directing it to pay, to a bank, moneys due the corporation, and that order was accepted by the defendant. The corporation, prior to bank-

ruptcy, commenced an action at law against the defendant to recover the same moneys and after adjudication in bankruptcy its trustee was substituted as plaintiff, and thereafter the said cause of action was sold and became the property of the said bank. After a judgment had been rendered dismissing the complaint with leave to move to reopen the judgment the bank made an application for an order to open the judgment and to substitute it as sole plaintiff.

*Held,* that the order denying the motion to open the judgment and substitute the bank as sole plaintiff was proper, for at the time of the commencement of the action the sole right to demand and receive the moneys due upon the contract between the defendant and the bankrupt was vested in the said bank and the assignment of the trustee in bankruptcy of the bankrupt's alleged cause of action therefor transferred no interest within the meaning of section 756 of the Code of Civil Procedure.

And further the court was not authorized by section 723 of the Code of Civil Procedure to strike out the name of the trustee in bankruptcy as sole plaintiff and to substitute the bank in place thereof for the effect would be to terminate the original action and bring a new one.

JOHN M. KELLOGG, P. J., dissents, with memorandum.

APPEAL by the plaintiff, Harris S. Williams, as trustee, and the First National Bank of Cooperstown, N. Y., from an order of the Supreme Court, made at the Otsego Trial and Special Term and entered in the office of the clerk of the county of Otsego on the 31st day of May, 1918, denying the motion of the plaintiff to open the judgment herein and permitting the First National Bank of Cooperstown, N. Y., to appear and plead herein, and substituting the First National Bank of Cooperstown, N. Y., as plaintiff, and substituting Roland Ford as attorney for said substituted plaintiff, and amending all the papers and proceedings herein in relation to said substitution of plaintiff and plaintiff's attorney, and permitting the First National Bank of Cooperstown to file and serve a supplemental amended complaint herein.

*Roland Ford,* for the appellant.

*Miller & Fincke* [*James F. Hubbell* of counsel], for the respondent.

LYON, J.:

This is an action at law brought to recover the balance, $3,122.46, alleged to be due upon the installation of a heating

plant in a building owned by the defendant at Cooperstown, N. Y., and for extra work. On July 19, 1909, the Otis & Sons Engineering Company executed the following instrument, which on July 23, 1909, was duly accepted by the Arthur H. Crist Company:

" GENTLEMEN.— You will please pay to the First National Bank of Cooperstown, N. Y., all money that is due or may become due us for the installation of the steam heating apparatus and sanitary fixtures in your new building, and all sums that may become due for materials furnished or labor performed in or about the building.

" Respectfully,
" OTIS & SONS ENGINEERING CO.,
" By J. S. OTIS, *Pres.*

"Accepted: THE ARTHUR H. CRIST CO.,
"By ARTHUR H. CRIST, *Pres.*
" *July* 23, 1909."

This action was commenced in December, 1912. The original plaintiff, the Otis & Sons Engineering Company, set forth two causes of action, one on contract, and one of *quantum meruit.* The defendant, after putting in issue the material allegations of the complaint, alleged payment and pleaded a counterclaim alleging that the plaintiff failed to furnish a heating plant which would develop the proper degree of heat, and thereby the defendant suffered damage in the sum of $5,600. In April, 1913, issue was joined by the service of a reply. The Otis & Sons Engineering Company having become bankrupt, its trustee above named was substituted as plaintiff. On July 31, 1916, the trustee sold the cause of action set forth in the complaint, and the claim upon which the same was founded, to George E. Hipp, who sold and assigned the same to the First National Bank of Cooperstown.

The action was upon the calendar for the Trial Term commencing February 25, 1918, and when reached the defendant moved for a dismissal of the complaint, which motion was granted with leave to the plaintiff to move at the term to be held April eighth to reopen the judgment. At that term the plaintiff and the First National Bank of Cooperstown, N. Y.,

applied to the court for an order opening the judgment, substituting the First National Bank of Cooperstown, N. Y., as sole plaintiff and permitting it to appear and plead, and for leave to file an amended supplemental complaint.  The moving papers set out the assignment and allege that the notes secured by it were for $3,000, whereas the judgment demanded in the amended complaint was for $3,122.46, and that the assignment being in the nature of a pledge, the Otis & Sons Engineering Company had an equity in the cause of action alleged in the complaint.  Leave to reopen the judgment, to substitute the bank, and to serve the amended supplemental complaint having been denied by the Trial Term, this appeal was taken.

The assignment and acceptance of July, 1909, were not set forth in either of the original pleadings, but are set out in the appellant's moving papers upon this application.  The order accepted July 23, 1909, directed the payment of all money due or to become due upon the contract, and all sums that may become due for materials furnished or labor performed in or about the building.  The effect of giving it was to substitute the bank as the recipient of the payments.  From the time of its acceptance the defendant was bound to pay all the money to the bank.  (*Weniger* v. *Fourteenth Street Store,* 191 N. Y. 423, 427; *Whiting* v. *Glass,* 217 id. 333, 335.)

The motion would have been proper had the action been in equity, but it was in law.  There was also the question of laches which may have influenced the court in denying the motion.  In none of the cases cited by appellant did it appear that the defendant had been notified of the assignment and had accepted the assignee as the one to whom the money should be paid.  The acceptance of the order discharged the defendant from all liability due or to become due the Otis & Sons Engineering Company for the work and materials therein specified and rendered it liable to the bank.  At the time of the commencement of the action the sole right to demand and receive the moneys due and to become due upon the contract was vested in the bank, and the assignment of the trustee in bankruptcy of the bankrupt's alleged cause of action therefor, transferred no interest within the meaning of section 756 of the Code of Civil Procedure.  Neither was the court authorized by section 723 of the Code of Civil Procedure to strike out the name of the

trustee in bankruptcy as sole plaintiff and substitute the bank in place thereof, for the effect would be to terminate the original action and bring a new one. (*Gittleman* v. *Feltman,* 191 N. Y. 205, 208.)

The order appealed from should be affirmed.

All concur, COCHRANE, J., in result, except JOHN M. KELLOGG, P. J., dissenting, with a memorandum.

JOHN M. KELLOGG, P. J. (dissenting):

Before action brought, Otis & Sons Engineering Company, the owner of the claim, gave an order upon the defendant for the payment of the claim to the bank, and defendant duly accepted it. Concededly the order was given purely as collateral security. Thereafter the company brought an action upon the claim, and the defendant set up various defenses and a counterclaim, but raised no question that the claim had been assigned to the bank. During the pendency of the action the trustee in bankruptcy of the company was substituted as plaintiff. Upon selling the assets of the bankrupt, its interest in this claim was sold to the bank, and by the order appealed from the bank has been denied substitution.

A fair interpretation of the record bears out the statements made upon the argument, that the motion was not denied on the ground of laches, but upon the ground that the assignor had no right to maintain the action and, therefore, the assignee could not be substituted in its place. On February 28, 1918, the court made an order dismissing the plaintiff's complaint for want of prosecution, with leave to the plaintiff to move to reopen at the April term of court upon the payment of ten dollars, and with leave to the bank to apply to be substituted as plaintiff. The bank paid the motion costs and filed the stipulation required.

Concededly an action may be maintained by an assignor, who has assigned as collateral only, if his assignee is made a party. The distinction between legal and equitable actions has been abolished, and there is now but one action upon the case, and that action is in a court of justice which will administer legal or equitable relief as the occasion requires, and such

as is consistent with the case made. If the case had come to trial, the court might have ordered the assignee to be brought in or, the defendant having failed to raise the question by answer, the case could have proceeded without bringing in the bank. The defendant, the plaintiff and the assignee, at the time the action was brought, had equal knowledge of the assignment. In the view most favorable to the defendant the assignee bank was a necessary party, either plaintiff or defendant, but that objection not having been raised by demurrer or answer is waived and the case may proceed without prejudice on account of its absence. (Code Civ. Proc. §§ 488, 498, 499.) The bank, having acquired the interest of the plaintiff in the cause of action, during the pendency of the action, had the right to be substituted as a party plaintiff. (Code Civ. Proc. § 756.) An attempt to raise the question of plaintiff's right to sue at this late day, when the Statute of Limitations would prevent the bringing of a new action, is not fair to the assignee, as the defendant, to all intents and purposes, practically consented to litigate the question with the assignor. In *Whiting* v. *Glass* (217 N. Y. 333) the plaintiff had absolutely parted with all his interest in the cause of action. In *Weniger* v. *Fourteenth Street Store* (191 N. Y. 423) the contractor ordered the defendant to pay a certain sum of money from the amount due upon the contract, which order was accepted, and recovery was of course permitted to the payee. Justice requires that the action proceed and that the bank be made a party to it, so that the rights of the parties interested may be properly adjusted. I favor a reversal.

Order affirmed, with ten dollars costs and disbursements.