CARL GRUTZNER, Plaintiff, *v.* E. HARRY HOWARD and JOSEPH ROMEO, Defendants.

Supreme Court, Nassau County, April 28, 1938.

*Man & Man* [*Walter H. Bond* of counsel], for the plaintiff.

*Vunk & Carleton*, for the defendant Joseph Romeo.

HOOLEY, J. The principal question presented is as to the sufficiency of the assignment herein. Defendants Romeo and Howard entered into a contract on or about July 13, 1929. On August sixth Howard borrowed $3,000 from plaintiff to finance his contract with Romeo and gave plaintiff two promissory notes for

$1,500 each and an assignment of the first moneys to come due under his contract. Plaintiff mailed a copy of this assignment to Romeo. The assignment was not dated or acknowledged and it was never filed in the county clerk's office. As between the parties this did not affect its validity, and the court holds that the assignment was sufficient. Section 16 of the Lien Law can be invoked only by a lienor or an assignee whose assignment was duly filed. It is not available to this defendant. (*Edison Electric Illuminating Co.* v. *Frick Co.*, 221 N. Y. 1; *Hitchings* v. *City of New York*, 182 App. Div. 28, 30.) Not hearing from Romeo plaintiff again wrote to him on September third and then was advised by Romeo that he (Romeo) was going to pay Howard directly, which he (Romeo) proceeded to do. The law is well settled that after notice of the assignment Romeo was bound to honor it. His failure to do so was at his peril. He was bound to apply the fund as it accrued to the payment of the order. (*Brill* v. *Tuttle*, 81 N. Y. 454; *Lauer* v. *Dunn*, 115 id. 405; *Continental Purchasing Co.* v. *Van Raalte Co., Inc.*, 251 App. Div. 151.)

Romeo's claim that Howard abandoned his contract would be a defense to an action by Howard. However, the alleged abandonment took place in late October and in the interim Romeo paid to Howard $3,500, which was more than the amount of the assignment. In any event, the dates that the payments under the assignment were due govern the situation. The first payment was due September sixth and the second was due October sixth. Romeo paid money to Howard as late as October twenty-first. When Romeo recognized in September and October the right of Howard to further payments the right of plaintiff to receive his money became complete. (*Weniger* v. *Fourteenth Street Store*, 191 N. Y. 423, 427. See, also, *Prata* v. *Green*, 70 App. Div. 224, 227; affd., 174 N. Y. 535.)

Motion in all respects granted.