CHARLES C. KELLOGG & SONS CO., Plaintiff, *v.* ELIS G. DELIA, Defendant.

Supreme Court, Oneida County, February 2, 1940.

*Miller, Hubbell & Evans*, for the plaintiff.

*Salvador J. Capecelatro*, for the defendant.

KINGSLEY, J. The subject of this action is an assignment, dated September 23, 1938, executed by one Salvo Stello in favor of plaintiff and directed to the defendant, by the terms of which Stello assigned to the plaintiff, to the extent of $3,000, moneys due and to become due on a contract made between the defendant and Stello, dated September 15, 1938.

It appears that one Clara K. Pietsch, as executrix of the estate of Theodore Stoetzner, deceased, entered into a contract, dated July 29, 1938, with the defendant to construct a building on premises belonging to the estate. Thereafter the defendant and Stello entered into the contract above mentioned whereby the defendant sublet the major portion of his contract with the owner to Stello. Apparently the latter could not obtain the building material he desired from plaintiff without some security, with the result that he executed the assignment in question. Notice of such assignment was given defendant on September 24, 1938, by delivering a copy of it to defendant's wife at her home, but it was never filed in the county clerk's office.

The answer interposed admits that between September 14 and November 15, 1938, plaintiff sold and delivered to Stello lumber and materials of the agreed value of $3,006.22. Credit is given defendant for the sum of $1,644.25, which plaintiff received as its *pro rata* share of a mechanic's lien which it caused to be filed. The main defense asserted is that the assignment is invalid for any purpose because it was not filed in the county clerk's office of the county in which the real property involved is located, as required by section 15 of the Lien Law. This section, as it existed prior to its amendment in 1929, did not contain the words " for any purpose." In this connection the question arises as to what construction should be given those words. Did the Legislature intend to bar a recovery upon a contract such as the one which is the basis of this action?

" The object and purpose of the Mechanics' Lien Law was to protect a person who, with the consent of the owner of real property, enhanced its value by furnishing materials or performing labor in its improvement by giving him an interest therein to the extent of the value of such material or labor." ( *Kane Co.* v. *Kinney,* 174 N. Y. 69, 73.)

This action is one to recover for breach of contract. It has no application whatever to the Lien Law. None of the persons for whose protection that law was passed is affected by it. To my view, it seems inconceivable that the Legislature contemplated a rule by which a contract based upon a valid consideration should be declared void where the rights of others are not affected thereby.

The authorities, prior to the amendment, are practically unanimous in holding that such a defense is not available under a state of facts such as we have here. ( *Mayer* v. *Killilea,* 63 App. Div. 318; *Hitchings* v. *City of New York,* 182 id. 28; *Lauer* v. *Dunn,* 115 N. Y. 405; *Brill* v. *Tuttle,* 81 id. 454; *Edison Electric Illuminating Co.* v. *Frick,* 221 id. 1; *Williams Engineering & Contracting Co.* v. *City of New York,* 222 id. 1; *Cross, Austin & Ireland Lumber Co.* v. *Erie R. R. Co.,* 252 id. 533.)

Since the effective date of the amendment, the only authority on the subject which has come to my attention is that of *Grutzner* v. *Howara* (167 Misc. 540). In this case, upon facts very similar to the one at bar, a motion by plaintiff for summary judgment was granted.

It is my opinion that the section as amended in 1929 does not change the meaning or effect of the section as it existed prior thereto except in relation to matters unimportant here, and for that reason I hold that the defendant cannot invoke it as a defense to this action.

In connection with the other phases of the case, it appears without contradiction that the defendant had paid on account of Stello's contract a sum in excess of $8,000 prior to November 15, 1938. It also clearly appears that the defendant recognized the validity of the assignment. The defendant admits that on or about November eighteenth he was told that plaintiff had delivered materials of the value of substantially $2,500. However, he attempts to disclaim knowledge of the amount or value of the materials delivered by plaintiff when, as a matter of fact, he had an architect supervising the construction of the building. Defendant is not in a position to claim that he was damaged as the result of being told that the amount due plaintiff would not exceed $2,500, as he had already paid on his contract with Stello to a point where there was only a balance of $2,608.72 due him.

It is also urged by defendant that Stello is indebted to him in the sum of $338.50, the same being the cost of completing the contract after Stello had abandoned it and for the rental of a concrete mixer, which sum should be offset against the unpaid portion of the moneys which remained due on the contract and retained by defendant. The contract was not abandoned until after demand for payment had been made by plaintiff and prior to that time a sum greatly in excess of $3,000 was paid by defendant on account of it. Such a claim would be an offset in an action by Stello, but not as to this plaintiff.

Having had notice of the assignment, the defendant was put on his guard that if he paid the assignor any money which under the assignment belonged to the plaintiff or did anything prejudicial to the rights of the latter, he would be liable for the damage resulting therefrom.

As I view the pleadings and affidavits submitted, it is my belief that there is no defense to the action, and for that reason plaintiff's motion is granted, with ten dollars costs.

Defendant's motion is dismissed.