## (May 14, 1941.)

CHARLES C. KELLOGG & SONS CO., Respondent, v. ELIS G. DELIA, Appellant.— Judgment and order reversed on the law, with costs to the appellant to abide the event, and plaintiff's motion denied and defendant's motion granted, without costs. Memorandum: The complaint alleges in substance that the defendant, as general contractor, entered into a contract with the owner of certain real property to construct a building thereon for the sum of approximately $18,000; that defendant and one Stello entered into a contract whereby a portion of the work was sublet to Stello for the sum of $11,000; that thereafter Stello, in consideration of lumber and building materials to be furnished to him by plaintiff, made a written assignment to plaintiff of the moneys due and to become due him from defendant under his subcontract in an amount not to exceed $3,000, a copy of which assignment plaintiff caused to be served upon defendant; that defendant recognized this assignment and agreed to pay plaintiff according to the terms thereof; that thereafter defendant wrongfully and improperly paid to Stello a sum in excess of $3,000 of the moneys earned by Stello pursuant to his contract with defendant; and that the sum of $1,355.75 remains unpaid to plaintiff under such assignment, for which amount plaintiff demands judgment against defendant. The defendant in his answer admits that he received notice of Stello's assignment to plaintiff and that he has paid to Stello, pursuant to the terms of Stello's subcontract, sums in excess of $3,000 but denies that he agreed to pay to plaintiff any sums which became due to Stello under the subcontract. The answer also sets up defenses which are based upon plaintiff's failure to file its assignment in accordance with the provisions of section 15 of the Lien Law. On plaintiff's motion to strike out defendant's answer and for summary judgment and on defendant's motion to compel plaintiff to reply to the defenses set forth in the answer, the Special Term denied defendant's motion and granted plaintiff's. Defendant appeals from the order and from the judgment thereon entered. We find in defendant's affidavits, submitted in opposition to the motion for summary judgment, sufficient evidentiary facts to entitle defendant to a trial upon the issue as to whether defendant orally accepted the assignment and promised plaintiff to comply with the

terms thereof. The defenses based upon section 15 of the Lien Law should not have been stricken out. This section limits the effect which, at common law, was accorded to assignments of this nature. (See *Lee* v. *Bailey*, 267 N. Y. 161, 164.) Whether, under all the circumstances, such payments as defendant might have made to Stello after notice of plaintiff's assignment, were wrongfully and improperly made, should not have been determined on affidavits but should await a demonstration of the facts upon a trial. All concur. (The judgment is for plaintiff in an action against a contractor under assignment of a subcontract. The order grants plaintiff's motion to strike out defendant's answer and for summary judgment and denies defendant's motion to compel plaintiff to reply.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ. [173 Misc. 156.]