SAMUEL HAWES & others *vs.* ANDREW G. SHAW.

The occupant of a house and land, formerly owned by a person since deceased intestate, agreed with the intestate's heirs-at-law to hold as their tenant at a rent payable monthly; made one payment; alleged inability as the reason for failing to make others; and continued to occupy under the agreement until their action for possession; set up in defence against that action title in a third person by deed from the intestate, and that he was the grantee's tenant; and in support of the defence offered in evidence the deed, and proof that he was ignorant of it when he made his agreement with the plaintiffs, and that, after his payment of rent to them, and before they began their action, the grantee demanded the payment of rent from him and forbade him to pay it to them. *Held*, that he was estopped from denying the plaintiffs' title.

ACTION on the Gen. Sts. *c.* 137, by the children and only heirs of Samuel Hawes, Senior, deceased, for possession of a dwelling-house and land in Weymouth. Writ dated April 16, 868. The answer alleged title to the premises in Elizabeth

Trafton, and that the defendant was her tenant. At the trial in the superior court, on appeal from the judgment of a trial justice, the facts appeared as follows:

Samuel Hawes, Senior, was in possession of the house and land when he died intestate in January 1864. In October 1865 the defendant entered and began to occupy them without permission from anybody. On November 23, 1865, the plaintiff Samuel Hawes, as administrator of the estate of his father, offered them for sale at auction, under license of the probate court; but no sale was effected. " The defendant thereupon applied to the plaintiffs for liberty to continue to occupy the premises as their tenant until the estate was sold; and it was agreed between them that he might do so, paying them rent at the rate of three dollars per month and agreeing to quit whenever required to do so by the plaintiffs; and the defendant continued to occupy under such agreement up to the time of bringing this action. On August 15, 1866, he paid the plaintiffs nine dollars on account of the rent; but had declined to pay the balance, giving as his reason his inability to do so." On February 6, 1868, the plaintiffs gave him due notice to quit for nonpayment of rent.

The defendant offered to show that on August 10, 1861, Samuel Hawes, Senior, made and delivered a deed of the premises to Elizabeth Cook, since become, by marriage, Elizabeth Trafton, " to have and to hold the premises to the said Elizabeth Cook, her heirs and assigns forever, after my decease, upon condition that she continues to keep my house and take care of me during my natural life, or her own natural life if she dies first," which deed was recorded in the registry of deeds for Norfolk on August 12, 1861; of all which the defendant was ignorant, but the plaintiffs were well aware, at the time the defendant made his agreement with them after the offer of the premises for sale at auction in November 1865; that soon after her grantor's death Mrs. Trafton entered the premises for the purpose of taking possession of them and there residing, but, finding the house out of repair, left the premises, gave up her intention of residing there, and never afterwards entered on or took possession of

Hawes & others *v.* Shaw.

them ; that after August 15, 1866, when the defendant paid rent to the plaintiffs, and before the beginning of this action, Mrs. Trafton forbade him to pay rent to the plaintiffs and demanded the payment of rent from him to herself; and that on April 27, 1868, Mrs. Trafton brought a writ of entry against the plaintiff to recover the premises.

On the facts proved and the defendant's offer of evidence, the presiding judge directed a verdict for the plaintiffs, which was returned ; and by agreement of the parties reported the case for revision by this court.

*E. Ames*, for the defendant.

*W. Colburn*, for the plaintiffs.

WELLS, J. The case finds that, after the death of Samuel Hawes, the tenant applied to the plaintiffs " for liberty to continue to occupy said premises, as their tenant, until-the estate was sold ; and it was agreed between them that he might do so, paying them rent at the rate of three dollars per month, and agreeing to quit whenever required to do so by the plaintiffs ; " also that he " has continued to occupy under such agreement up to the time of bringing this action." He paid the rent for three months, and assigned as his reason for not paying the rest his inability to do so. He has never been evicted by virtue of the title in Elizabeth Cook which he now sets up, and it does not appear that he had ever attorned to her, or renounced his tenancy under the plaintiffs before this suit was brought. The statement that she forbade him to pay rent to the plaintiffs, and demanded the payment of it to herself, does not show an eviction, nor that he became her tenant so as to be entitled to assert her title. The fact stated, that at the time of his agreement with the plaintiffs he did not know of her claim of title can therefore make no difference with his right to set it up to defeat his lessors. Upon the facts reported, he is clearly estopped from denying the title of his lessors, by whose permission he has continued to occupy the premises until these proceedings were commenced. *Bailey* v. *Kilburn*, 10 Met. 176. *Coburn* v. *Palmer*, 8 Cush. 124. *Towne* v. *Butterfield*, 97 Mass. 105. *Miller* v. *Lang*, 99 Mass. 13. It is therefore unnecessary to consider the

effect or validity of the deed under which Elizabeth Cook claims title to the premises.

*Judgment on the verdict for the plaintiffs.*