HAMMOND v. ROSE ET AL.

1. One who has made an appropriation of the waters of a stream for irrigation acquires a prior right thereto, as against a riparian owner who obtained a patent from the United States after such appropriation, and before the act of congress of July 9, 1870, amending act of July 26, 1866, providing that patents thereafter issued shall be subject to any vested or accrued water-rights.
2. A valid appropriation of the waters of a stream, to the exclusion of a riparian owner, may be made for the purpose of irrigation, though the lands to be irrigated are not located on the banks or in the neighborhood of the stream.

*Appeal from District Court of El Paso County.*

Mr. J. B. COCHRANE, for appellant.

Mr. JOHN CAMPBELL, for appellees.

RISING, C.   The appellees, who were defendants below, demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action.   The demurrer was sustained, and, the plaintiff standing on his complaint, judgment dismissing the action and for costs was entered.   It is alleged in the complaint that the plaintiff is the owner in fee-simple of certain lands lying on both sides of Cheyenne creek, which lands were granted to Marcus A. Foster by patent from the United States, December 1, 1865, and that plaintiff claims title as a remote grantee of said Foster; that in 1882 certain parties, under whom defendants claim the water-rights in question, diverted the water from said creek for irrigation purposes; that the water so diverted would naturally flow through and across said lands; that defendants are daily diverting all the water from the bed of said stream at a point on the same above his said lands, and that the lands irrigated by defendants, with the water so diverted, are not situated on the banks of said stream, or in the neighborhood thereof, but on the banks of the Fountain river, which is a different stream.   The patent issued to said Foster is set out in the complaint, and it does not contain any reservation or exception of vested water-rights.   Error is assigned upon the ruling on the demurrer, and two questions are presented:   1. Can an appropriation of all the water of a stream be sustained, as against a riparian owner of lands situated on the stream from which the water is diverted, who obtained a patent for such lands from the United States after such appropriation had been made, and before the amendment of July 9, 1870, to the act of congress of July 26, 1866, went into operation, which amendment requires that patents to public lands, thereafter to be issued, shall be subject to any vested or accrued water-rights?   2. Under the statutes of this state, can the water of a stream be diverted by appropriation to the exclusion of any owner of lands on said stream, if the lands to be irrigated there-

with are not located on the banks, margin, or in the neighborhood of such stream?

Since the commencement of this action the questions presented have been passed upon by this court in *Coffin v. Ditch Co.* 6 Colo. 443. In that case it was held that the common-law doctrine giving the riparian owner a right to the flow of water in its natural channel upon and over his lands, even though he makes no beneficial use of it, is inapplicable to Colorado; and that the first appropriator of water from a natural stream for a beneficial purpose has, in the absence of express statutes to the contrary, with the qualifications contained in the constitution, a prior right thereto, to the extent of such appropriation; and that this right is entitled to protection as well after patent to a third party of the land over which the natural stream flows as when such land is a part of the public domain; and it was further held that the right to water acquired by prior appropriation is not in any way dependent upon the *locus* of its application to the beneficial use designed. The questions determined in *Coffin v. Ditch Co.* are identical with the questions raised on this appeal, and such determination is in accord with the ruling on the demurrer. We do not feel called upon to enter into a discussion of these questions upon the merits. The judgment should be affirmed.

DE FRANCE and STALLCUP, CC., concur.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment of the court below is affirmed.

*Affirmed.*