Thomson, J.,
delivered the opinion of the court.
Prior to April 17, 1890, William S. Jackson and others were the owners in fee of about 160 acres of land in and near the city of Pueblo. A patent of the United States to their grantor for the land had been issued in September, 1870. The land was unoccupied by the owners, and a number of squatters had settled upon it, who were occupying it on the date first mentioned. Among these was Pius Lutz, who had a building upon it, a portion of which appears to have been used for the purposes of a saloon. On that date by an agreement in writing, executed by Lutz as party of the first part, and the appellant, Hochenauer, party of the second part, Lutz leased to Hochenauer the building, together with the saloon, fixtures, furniture, and all personal property in the building, except the personal effects of the lessor, for the term of one year from the date of the agreement, in consideration of which lease the lessee covenanted and agreed to pay to the lessor, as rent for the premises, $130 per month for the first six months of the term, and $85.00 per month for the residue, and also agreed to surrender possession of the premises to the lessor at the expiration of the term. The agreement *200 of lease concluded with the following clause: “ The said first party does not guarantee or covenant for the possession and enjoyment of said premises against any disturbance from paramount title.” The appellant took immediate possession of the premises under his lease, and continued in such possession until the 8th day of Majr, 1891.
An action was brought by Jackson and his co-owners against the squatters to recover possession of the land. Whether the suit was commenced before or after the date of the lease does not appear, but the appellant was not a party to it. The reSult-of the suit was a finding that the title was in the plaintiffs, and a judgment in their favor for possession,, and for costs. The date of the rendition of the judgment was December 28,1890. ■ Hochenauer paid rent until February 4, 1891, when he refused to make further payment. Lutz sold and assigned his claim for the residue of the rent to appellee, who brought this suit to recover it. The answer of the defendant sets up the judgment in ejectment, and avers that he had attorned to the ejectment plaintiffs, and held the premises as their tenant from December-23, 1890, until the expiration of the lease.
The defendant testified that he never paid rent for the premises to any person except Lutz; that he was not disturbed in his possession of the premises during the time he occupied them; and that no rent was ever demanded from 'him by the ejectment plaintiffs, or by any person other than ■Lutz. He said that he had an understanding or agreement ■with Mr. Jackson that was satisfactory to him, but what i-t was he did not state. Mr. Lutz testified that after the judgment in ejectment, himself and Mr. Tooke, the agent of the owners, called on the defendant, in relation to the rent, and that Tooke then told the defendant that the owners had no claim dn him for rent, and that he might pay it to Lutz. This statement was not denied by the defendant. The court ' directed the jury to find a verdict- for the plaintiff, which was done, and judgment entered accordingly.
We are unable-to discover anything in the record which *201 will enable the defendant to escape the payment of this claim. He went into possession under an agreement of lease in which he .covenanted to pay rent to the lessor during the term, and had the unmolested enjoyment of the leased property during the entire period. His reason for resisting payment is that the title was adjudged to be in parties who were strangers to the lease, but that fact alone is not a defense. An eviction, actual or constructive, must be shown. A tenant is not permitted to controvert the title under which he was let into possession, when that possession has been undisturbed, and he lias enjoyed the full benefits of his contract. His allegiance is due to his landlord, and he cannot set up against him title in a stranger, unless through that title he has been divested of the possession which he acquired by the demise. 1 Wood’s Landlord and Tenant, sec. 232; Hawes et al. v. Shaw, 100 Mass. 187 ; Vernam v. Smith, 15 N. Y. 327; West v. Little, 13 Ill. 239 ; Milsap v. Stone, 2 Colo. 137; Hammond v. Rose, 11 Colo. 524.
From the concluding clause in the lease it would appear that the real condition of the title was understood by both parties, and that the defendant took the premises subject tc the contingency of being expelled by the owners of the paramount title. He was content to take whatever right of possession hi¡s lessor could give him, and in consideration of that, covenanted to pay the rent. He occupied the premises under his lease for the full term without disturbance from any quarter. No claim or pretense of claim was made against him hostile to his obligation to his lessor, and justice requires that he should perform the agreement in consideration of which the possession was given him.
The court properly directed a verdict for the plaintiffs, and the resultant judgment will be affirmed.

Affirmed.