(25 Misc. Rep. 420.)

BARKLEY v. WOLFSKEHL.

(City Court of New York, General Term. December 7, 1898.)

1. BILLS AND NOTES—TRANSFER WITHOUT INDORSEMENT—ACTIONS—PARTIES.
   Where a note is delivered by an officer of the payee to a third person, without indorsement, and there is no proof that the officer was authorized to deliver it, an action cannot be maintained thereon in the name of the person to whom it was delivered.

2. AUTHORITY OF AGENT.
   To enable an agent to sue in his own name, there must be something more than the mere powers of a naked agent.

Appeal from trial term.

Action by Charles H. Barkley against Nathan Wolfskehl. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before SCHUCHMAN and OLCOTT, JJ.

Gates Hamburger and M. G. Holstein, for appellant.
Henry D. Hotchkiss and William S. Maddox, for respondent.

OLCOTT, J. This is an appeal from a judgment in favor of the plaintiff for the sum of $2,309.43 entered upon a verdict directed by the court on December 15, 1897, and from the order denying defendant's motion for a new trial. The action was brought to recover upon five promissory notes, each for the sum of $400, dated February 23, 1897, made by the defendant to his own order, indorsed by him in blank, and delivered to the Preservaline Manufacturing Company, and by one Maximilian Calm, the secretary and treasurer of that company, delivered, without indorsement, to the plaintiff. The defendant, besides setting up other defenses, to which it is unnecessary to refer, pleads in his answer that the plaintiff is not the lawful owner and holder of the notes, that he has no interest therein, and that the Preservaline Company is the owner and holder of them. Upon the cross-examination of the said Calm, a witness for the plaintiff, testimony was elicited

to the effect that the notes became due on June 15, 1897; that on that day, at 11 o'clock in the morning, he personally presented them, and payment was refused; and that thereafter, at 4 o'clock in the afternoon of the same day, he transferred the notes, by delivery without indorsement, to the plaintiff. Then Mr. Calm testified in these words:

"Mr. Barkley [the plaintiff] is a friend of mine. He is employed by me. He is an acquaintance. He gave me nothing for the notes. I gave them to him in order to bring a short-cause suit, or for collection, by the advice of our lawyer."

It will be noticed that there was no indorsement of the notes over to the plaintiff, nor any proof of authority from their owner, the Preservaline Company, for their delivery to the plaintiff, other than would be presumed to be vested in Mr. Calm, the company's secretary and treasurer. We think that the learned justice erred in not dismissing the complaint, because it appeared, as above outlined, from the plaintiff's case, that he was not either the real party in interest, or the trustee of an express trust (section 449 of the Code); nor is it beyond possibility that the judgment herein would fail to hold the defendant safe from a suit upon these notes by the Preservaline Company, which might, for all the proofs herein show to the contrary, successfully claim that the delivery of its notes to the plaintiff was made without its authority. To enable an agent to maintain an action in his own name, there must be something more than the mere powers of a naked agent. Bell v. Tilden, 16 Hun, 346; Iselin v. Rowlands, 30 Hun, 488; Hays v. Hathorn, 74 N. Y. 486.

The judgment and ordered appealed from must be reversed, and a new trial granted, with costs to the appellant to abide the event.

SCHUCHMAN, J., concurs.