JOHN H. HINCKLEY *vs.* MARTHA A. GUYON.

Suffolk.   November 7, 1898. — January 6, 1899.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Tenancy at Will — Notice to Quit — Summary Process for Recovery of Land
— Agreement for a Lease.*

If A. is a tenant not of B. but of C., or if having been a tenant of B. he has been
ousted by C., having a paramount title, and then has remained in possession as
C.'s tenant, B. cannot maintain an action on Pub. Sts. c. 175, to recover possession of the premises; but if A. remained the tenant of B. and there is evidence
of this, then B. can maintain the action.

Where, in an action for the recovery of land under Pub. Sts. c. 175, § 2, the plaintiff contended that the defendant was his tenant and not the tenant of the owner,
but there was evidence for the jury that the defendant was and remained the
tenant of the plaintiff, the court said that it might be assumed that a certain
written agreement between the owner and the plaintiff did not constitute a lease,
but only an agreement for a lease for one or five years, at the option of the
plaintiff.

ACTION on Pub. Sts. c. 175, to recover possession of certain
premises in Boston.   Writ dated December 12, 1896.   Trial in
the Superior Court, before *Maynard,* J., who directed the jury
to return a verdict for the defendant, and the plaintiff alleged
exceptions, in substance as follows.

The defendant claimed to be a tenant at will of one Edwin

Dunlap, the owner of the premises. The plaintiff claimed to be a tenant of the same owner and of the same premises by a title anterior and superior to the title of the defendant, and that the defendant was the plaintiff's tenant, and not the tenant of the owner, and introduced in evidence the following:

" Boston, September 24, 1896.

" An Agreement entered into between Mr. Edwin Dunlap of Bedford, N. H., and Mr. John H. Hinckley of Boston, Mass.

" I herein agree to give Mr. Hinckley full charge of my house, No. 11 Union Park, Boston, to sell or to rent same and to collect all rents and to make all necessary repairs as he may deem fit from time to time. Also to sell the furniture now in house, as best he can, not, however, for less than ($600) six hundred dollars, without first obtaining my consent ; neither is he to sell the house for less than ($12,000) twelve thousand dollars, without my written agreement. This agreement to hold good for one or five years from date, or I agree to let the said house to Mr. Hinckley at his option for one or five years with *permission* to let. He is to agree to pay me five per cent (5%) on my equity of ($8,000) eight thousand dollars, and (4%) on the mortgage of four thousand dollars ($4,000). Mr. Hinckley is to do all painting inside that he thinks necessary, and also to do the painting outside ; provided, however, he should sell the furniture for more than six hundred dollars I will pay for the painting the outside of house, or as far as the money over and above ($600) six hundred will go, and if any money is left after painting outside it is to go to me.                    Edwin Dunlap."

There was evidence for the jury that the plaintiff on his own account let the premises to the defendant at ninety dollars a month in advance, and put her in possession as his tenant ; that the defendant paid one month's rent, and no more ; that after another month's rent became due the plaintiff gave the defendant fourteen days' notice to quit, in writing, in accordance with Pub. Sts. c. 121, § 12 ; that the defendant remained in possession, and that after the expiration of the fourteen days the plaintiff brought the present action to recover possession under Pub. Sts. c. 175.

*W. W. Carruth,* (*J. S. Richardson* with him,) for the plaintiff.
*H. N. Allin,* for the defendant.

FIELD, C. J.   There was evidence for the jury that the plaintiff on his own account let the premises to the defendant at $90 a month in advance, and put her in possession as his tenant; that the defendant paid one month's rent, and no more ; that after another month's rent became due the plaintiff gave the defendant fourteen days' notice to quit, in writing, in accordance with Pub. Sts. c. 121, § 12 ; that the defendant remained in possession, and that after the expiration of said fourteen days the plaintiff brought this action to recover possession under Pub. Sts. c. 175.

If the defendant was a tenant not of the plaintiff but of Dunlap, or if having been a tenant of the plaintiff she had been ousted by Dunlap, having a paramount title, and then had remained in possession as Dunlap's tenant, the plaintiff could not maintain the action.   But if she remained the tenant of the plaintiff and there was evidence of this, then the plaintiff could maintain the action.   *Coburn* v. *Palmer*, 8 Cush. 124.   *Cobb* v. *Arnold*, 8 Met. 398.   *Morse* v. *Goddard*, 13 Met. 177.   *Towne* v. *Butterfield*, 97 Mass. 105.   *Hilbourn* v. *Fogg*, 99 Mass. 11. *Hawes* v. *Shaw*, 100 Mass. 187.   *Holbrook* v. *Young*, 108 Mass. 83.   *Eddy* v. *Coffin*, 149 Mass. 463.

It may be assumed that the written agreement between Dunlap and the plaintiff did not constitute a lease, but only an agreement for a lease for one or five years, at the option of the plaintiff.   *Kabley* v. *Worcester Gas Light Co.* 102 Mass. 392. *McGrath* v. *Boston*, 103 Mass. 369.   *Shaw* v. *Farnsworth*, 108 Mass. 357.   *Eastman* v. *Perkins*, 111 Mass. 30.

*Exceptions sustained.*