RENA ISABELLE HALSEY, DEFENDANT IN CERTIORARI,
v. J. LEO SAUER, PLAINTIFF IN CERTIORARI.

Argued June Term, 1909—Decided November 26, 1909.

In proceedings to dispossess a tenant for non-payment of rent, under section 5 of the supplement to "An act concerning landlords and tenants," approved March 3d, 1903 (*Pamph. L., p.* 26), if the finding is against the tenant, the justice of the peace, where such proceedings are had before such officer, must enter a judgment for possession before a writ for possession can issue, and for want of it the proceedings will be set aside, for they are statutory, and the statute must be strictly followed.

On *certiorari.*

For the prosecutor, *William R. Wilson.*

For the defendant, *William D. Wolfskeil.*

The opinion of the court was delivered by

BERGEN, J. The writ in this case was allowed for the purpose of reviewing the proceedings of a justice of the peace under the supplement to an act entitled "An act concerning landlords and tenants," which supplement was approved March 3d, 1903 (*Pamph. L., p.* 26), and the final hearing on the writ was had before a single justice of the Supreme Court under the statute for that purpose.

The affidavit filed with the justice, upon which his jurisdiction must rest, shows that the defendant in *certiorari* was the owner of the leased premises; that she became the owner by virtue of the last will and testament of her mother, after the lease under which the tenant went into possession was executed; that the lease was made by the plaintiff in the proceedings under review, with the defendant; that the plaintiff was, when the lease was executed, the agent of her mother, the then owner, "for the collection of rents and the dispossession of tenants;" that by the terms of the lease between the

plaintiff and the defendant, the property was let to him for one month, the rent reserved being $25; that defendant entered into possession under the lease, and is now in possession thereunder, and that he is indebted to the plaintiff in the sum of $350 for rent unpaid under the lease.

The plaintiff in *certiorari* insists that the affidavit is faulty because it does not disclose that the plaintiff below was the agent of the mother for the letting of the premises. This objection has no merit for two reasons. *First,* because the affidavit shows that the lease was entered into by the parties to this suit, and the tenant cannot call in question the title of his landlord; as to him the person with whom he contracts for the letting is his landlord. *Second,* if he dealt with the plaintiff as agent for the mother, he cannot dispute the agency under which he holds.

Again it is urged that it does not appear that the tenant defaulted in the payment of rent, and if default was made that demand was not made for payment. The affidavit shows that there was rent due on the 1st of October, 1909, amounting to $350, which is a sufficient statement that the defendant was in default, and no previous demand for the rent is required by the supplement of 1903 above referred to.

There are other objections to the affidavit which the tenant urges, but they are all directed to the character of the plaintiff's title, which cannot be assailed by the tenant, for he accepted a lease of whatever title the plaintiff had, and cannot be permitted to raise any question as to the title of one whom he accepted as his landlord. The case was tried below before a justice of the peace and a jury, and they having by their verdict found for the plaintiff, it must be assumed that all the jurisdictional facts set out in the affidavit were found to be established.

Another reason urged is that the justice did not enter a judgment as required by the statute of 1903. Section 5 of that act declares that if no sufficient cause be shown to the contrary, the court or justice "shall forthwith enter a judgment for possession." The only judgment entered in this case is "Wherefore I gave judgment for the plaintiff in the said

sum of $8.75, the cost of cause." This is clearly not an observance of the statutory requirement in proceedings of this character, for there is no judgment for possession, and therefore no foundation exists for the issuing of a warrant for the removal of all persons in possession of the premises, or for a judgment for costs. Indeed *non constat* but that the costs were put upon defendant, although judgment in other respects was denied to the plaintiff. The entry of a proper judgment is an essential part of the proceedings. This method of dispossessing a tenant is entirely statutory, and all the proceedings must strictly conform to the requirements of the law, one of which is that there must be a judgment for possession, and I think that the plaintiff in *certiorari* is entitled to have these proceedings set aside because not in conformity with the statute. Proceedings before a justice of the peace were declared null and void for want of a judgment in *Swayze* v. *Riddle, 2 Penn.* \*660. And in *Leonand* v. *Fulkerson, Id.* \*978, where the justice rendered no judgment, although there was a verdict of the jury, the proceedings were set aside upon the ground that there was no judgment, and that the verdict of the jury could not be substituted for a judgment.

Let the proceedings be set aside.