## SELDEN v. LEE et al.

(Court of Appeals of District of Columbia. Submitted December 8, 1924. Decided January 5, 1925. Rehearing Denied January 24, 1925.)

No. 4122.

1. **Use and occupation �köm4—Purchasers could recover for use and occupation against vendor's tenant, holding over after expiration of term.**

Purchasers, who refused to accept rent from vendor's tenant or to extend tenant's term, could recover for use and occupation for period during which tenant held over after expiration of his lease, under Code, § 1234.

2. **Appeal and error �køm1035—That purchasers' action against vendor's tenant, holding over after expiration of term, sounded in contract, and not in tort, was not prejudicial to tenant.**

That purchasers' action against vendor's tenant, holding over after expiration of term, was brought in the form of an action ex contractu for use and occupation of premises, instead of action ex delicto in trespass for mesne profits, was not prejudicial to tenant.

3. **Trial ⊚øm141—Direction of verdict for plaintiffs not error, where sustained by undisputed evidence.**

In purchasers' action against vendor's tenant holding over after expiration of term to recover rent at rate formerly paid, the court did not err in directing verdict for purchasers for amount claimed, when sustained by undisputed evidence.

Appeal from the Supreme Court of the District of Columbia.

Action by James E. Lee and another against Henry S. Selden. Judgment for plaintiffs, and defendant appeals. Affirmed.

S. H. Giesy, of Washington, D. C., for appellant.

J. A. O'Shea and J. I. Sacks, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and HATFIELD, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. This case was begun on December 23, 1919, in the municipal court, by the appellees as plaintiffs, to recover the sum of $64.60 and interest from the appellant, as rent due for certain premises situate within the District. A trial was had, and judgment was awarded to the plaintiffs, whereupon an appeal was taken to the Supreme Court of the District, under the practice then in force. The plaintiffs again recovered judgment upon their claim, and the case was appealed to this court.

The facts in the case appear virtually without dispute. On the 10th day of September, 1919, the appellant, Henry S. Selden, was a tenant in possession of a certain dwelling house in the District of Columbia, holding from month to month, and on that day the owner, being appellant's landlord, duly conveyed the property to the appellees, James E. Lee and Bertha Lee, his wife. The deed contained no reference to the tenancy of Selden but conveyed the full fee-simple estate in the premises, without reservation or stipulation. Three days afterwards, to wit, on September 13, 1919, the new owners served a notice to quit upon the tenant, in the following terms:

"We hereby give you notice to vacate and quit the premises known as 120 Seaton Place, N. W., within thirty days from the date of the expiration of your present month's tenancy, as we, the owners, desire to occupy the property for our own personal use."

On the 1st day of the following month the tenant sent a check to the new owners for the sum of $28.50, as a payment in advance for the rent of that month. The check was refused by the owners, because they had been informed that if they accepted the rent they could not get possession of the premises for their own use. It may be noted that the Saulsbury resolution of May 31, 1918 (40 Stat. 593, c. 90), was then in force in the District. The owners declined to extend the term of the tenant for any period whatsoever, or enter into any contract with him relating to the possession of the premises, and on November 5th, following, they commenced a landlord and tenant case in the municipal court against him. This, however, did not come to trial, for on December 8th he vacated the premises, after having occupied them from October 1st to December 8th, without the payment of any rent. The present case was then begun by the owners to recover rent for the period aforesaid at the rate which the tenant had been paying under his lease with the former owner.

Upon the facts just stated the Supreme Court of the District directed the jury to return a verdict in favor of the plaintiffs for the amount of their claim; and the record of the case in that court is now before us.

The appellant relies at present upon two contentions: First, he denies the right of the appellees to recover upon their claim as sued upon in this case, alleging that they had brought the case to recover ex contractu for the use and occupation of the premises;

whereas, in fact, no contract existed between the parties, and therefore the suit should have been brought ex delicto in trespass for mesne profits. The appellant next contends that the lower court erred in directing a verdict for the plaintiffs for the sum claimed by them, upon the ground that in any event the jury should have been left free to determine the amount of the recovery from the evidence in the case.

[1, 2] We cannot agree with either of these contentions. In answer to the first one, we may say that, when the new owners purchased the property, they acquired, the same right of action for rent, or for use and occupation, against the lessee, if holding over his term, which the original owner had. D. C. Code, § 1234; 24 Cyc. pp. 890, 926, 1172; 39 Cyc. p. 860; 2 Taylor, Landlord and Tenant, § 439 et seq. This right was in no wise impaired by the fact that the new owners refused to accept the tendered check for rent, or to enter into a new contract with the tenant to extend his term. They were entitled, therefore, to sue for the use and occupation of the premises, by virtue of the contract rights and relations thus acquired by them from the former owner; and furthermore the municipal court was invested with jurisdiction to entertain the case, whether it sounded in tort or contract. Hence the first of appellant's contentions relates to form only, and, if any informality occurred, it was without prejudice to the appellant.

[3] Upon the second point raised by the appellant, we may say that it was not error for the lower court to direct the jury to return a verdict for the plaintiffs for the amount of their claim, since the finding thus directed is sustained by the undisputed evidence in the case.

The judgment of the lower court is affirmed, at the costs of the appellant.