EDWARD J. HURLEY, RESPONDENT, v. NORMAN STEVENS AND SABRA STEVENS, APPELLANTS.*

Kansas City Court of Appeals. February 1, 1926.

1.—Evidence—Question as to Capacity in Which Plaintiff Signed Lease Held Open to Explanation by, Parol Testimony. In unlawful detainer action, where lease was signed· by plaintiff, "agent for the estate of Hurley, deceased," question as to in what capacity plaintiff signed is one of fact, and where no estoppel involved, was open to explanation by parol testimony.

2.—Landlord and Tenant—Estoppel—Tenant Held Estopped to Deny That Plaintiff Who Put Him in, Possession Was Landlord. Where plaintiff had put defendant in possession under lease, by signature and recitals therein, plaintiff was prima-facie bound as principal or landlord and defendants were estopped from showing plaintiff signed lease in some other capacity than landlord.

3.—Same—In Unlawful Detainer Action Tenant Cannot Dispute Title of Landlord. In action for unlawful detainer, tenant had no right to show that landlord transferred his interest prior to execution of lease, for to do so would be a violation of the rule prohibiting tenant from disputing the title of his landlord.

4.—Same—Payment of Rent to Another Than Landlord Insufficient to Establish "Attornment." Refusal to permit defendants to show payment of rent to· another than plaintiff on theory of "attornment," in absence of evidence to show a· parting of interest of landlord to stranger, held not error; "attornment" being acknowledgment by tenant of a new landlord on alienation of land and agreement to become tenant of purchaser.

5.—Same—Where Tenants Claimed Landlord Parted with Title Prior to Execution of Lease, They Could Not Show Attornment. Where tenants claimed landlord had parted with title prior to execution of lease, they could not show attornment, and to do so their offer of proof should have shown that landlord had parted with title since execution of lease.

6.—Same—Landlord Putting Tenants in Possession Held Entitled to Bring Action for Unlawful Detainer. Plaintiff who put defendants in possession had right to bring action for unlawful detainer, but plaintiff's prior possession or right to possession must be shown, and since tenants' actual. possession under lease, prior to beginning of unlawful detainer, is actual possession of landlord, plaintiff's right of possession was established by estoppel.

---

*Corpus Juris-Cyc. References: Agency, 2CJ, p. 683, n. 15: p. 684, n. 16; Attorn, 6CJ, p. 555, n. 22, 23, 24, 25; Evidence, 22CJ, p. 1185, n. 90; p. 1233, n. 22; p. 1235, n. 31; p. 1236, n. 32; Landlord and Tenant, 35CJ, p. 965, n. 77; p. 966, n. 96; p. 1224, n. 40; p. 1228, n. 79; p. 1231, n. 19; p. 1234, n. 47: p. 1235, n. 49; p. 1242, n. 88; p. 1243, n. 18; p. 1247, n. 99; 36CJ, p. 607, n. 89; p. 608, n. 91; p. 612, n. 95.

Appeal from the Circuit Court of Pettis County.—Hon. Dimmitt Hoffman, Judge.

AFFIRMED.

220 Mo. App.—67.

*Paul Barnett* for respondent.

*Bohling & Bohling* and *Lamm & Lamm* for appellants.

BLAND, J.—This is an action for unlawful detainer, commenced in a Pettis county justice court and afterwards removed by *certiorari* to the circuit court of that county. The jury returned a verdict in favor of plaintiff and fixed his damages in the sum of $297.50 and found the value of the month's rent of the premises to be $75. Defendant has appealed.

The facts show that on May 15, 1919, a lease for the premises in question was entered into between "Edward J. Hurley, Agent for the estate of Edw. Hurley, deceased" as the first party and T. J. Mounts as the second party wherein said party of the first part upon certain considerations leased to said Mounts the north thirty-three feet of the first floor of a certain store building in the city of Sedalia for a term of five years from the date of the lease. The lease was signed "Edward J. Hurley, Agent for the estate of Edw. Hurley, deceased." On August 24, 1920, the lease was assigned to defendant Norman Stevens, the consent to the assignment reads as follows: "We hereby agree to the transfer of this lease to Norman Stephens per terms of said lease" signed, "Edward J. Hurley, Agent for the estate of Edw. Hurley, deceased." Defendants operated a millinery business in the premises and after the expiration of the lease tendered plaintiff an additional month's rent of $40, which plaintiff refused. Defendants refused to surrender the possession of the premises and this suit was brought for unlawful detainer.

At the trial two defenses were relied upon; one that the lease upon its face shows that Edward J. Hurley was not the landlord but executed the lease for certain landlords who the defendants claim were the heirs of Edward Hurley, deceased, not including plaintiff; the other that plaintiff was not entitled to possession for the reason that he had transferred his interest in the property to his mother on March 9, 1915. In his opening statement counsel for defendants stated that Edward Hurley in his lifetime was the owner of the property; that said Hurley died about twenty-four years prior to the trial and left as his heirs Mrs. Hurley, his widow, two daughters and five sons, including plaintiff, and that plaintiff prior to the making of the lease had transferred his interest to his mother, brothers, and sisters, and at no time since then did he have possession or right of possession to the property.

The court sustained objections to defendants' offer to show that plaintiff had transferred by deed his title as tenant in common to his mother on March 9, 1915; that the rent paid by defendant,

Norman Stevens, under the lease went to plaintiff's mother, brothers and sisters and that none went to him; that in another case plaintiff had testified that he had no interest in the property since he made the deed to his mother in 1915 and none in the rent that was paid and that the rent that was paid by the defendants in this suit was not paid to this plaintiff; that subsequent to the execution of the assignment of the lease in evidence, plaintiff informed defendants that he no longer had any right, title or interest in the premises and that "the defendant should attorn to plaintiff's mother and brothers and that this defendant from then on did follow out the instructions so given and refused or failed to recognize this plaintiff as his landlord," and that plaintiff instructed defendant, Norman Stevens, to pay the rent after May, 1921, to Mrs. Hurley, and that the rent was so paid to her after that time. Plaintiff testified that he at no time after renting the property to Stevens instructed defendants to pay rent to his mother.

The court offered to permit defendants to show that plaintiff had parted with his interest subsequent to the time of the execution of the lease in question, but refused to permit defendants to prove that plaintiff had no interest at the time of the execution of the lease for the reason that to do so would be to allow defendants to dispute the title of their landlord. A general offer of proof was made by defendants to show that plaintiff "had no right to possession of the premises" in question "at the time of the institution of this suit." At the time of this offer attorney for plaintiff stated, "If he means he wants to show he sold his interest to somebody else, why there is no objection." By counsel for plaintiff, "Well, we want to make that general offer." By the court, "Well, I think it should be subject to that qualification, gentlemen, you have a right to show he sold his interest." By attorney for plaintiff, "Subsequent." By the court, "Subsequent, it is admissible." So it would appear that the offer to show that plaintiff was not entitled to possession was based upon the claim that he had transferred his interest prior to the execution of the lease. It would hardly be consistent for defendants to claim that plaintiff had transferred his interest after signing the lease when they had theretofore contended that he had assigned all of his interest prior thereto.

It is insisted that the court erred in not sustaining defendants' demurrer to the evidence and in excluding the proffered testimony which we have mentioned. In this connection it is claimed that the statutes, sections 2995, 2998, 3025 and 3026, Revised Statutes 1919, applicable to actions of this kind, constitute a special and preclusive code and unless its mandatory requirements are rigidly complied with in the justice court, neither the circuit court to which the cause was removed on *certiorari* nor the appellate court on appeal acquired jurisdiction of the subject-matter; that we may

not look to any other portion of the code in deciding as to who is entitled to bring a proceeding of this kind; that it must be brought by the person or persons entitled to the possession of the premises in controversy; that an action for unlawful detainer, under our statutes, can be maintained only where the relation of landlord and tenant exists; that in unlawful detainer plaintiff is bound to show prior possession or right of possession, and that the facts and offers of proof show that plaintiff was not entitled to such possession.

In this connection it is insisted that the lease upon its face shows that it was not made by plaintiff but by plaintiff as the "agent for the Hurley estate." Defendants not only point out the recitations of the lease as to by whom it was being made and the way it was signed, but the wording of the assignment where the word "we" is used. Plaintiff insists that a lease made by the "Hurley estate" or "The estate of Edw. Hurley, deceased" is void in the absence of a showing of a corporation taking that name, for the estate of a dead man is not a legal entity capable of contracting, and points out that in the body of the lease, at various places including a number of covenants contained in separate paragraphs, the lessor is mentioned as "the said party of the first part" and that said party was always referred to as "he." Plaintiff concludes that the words appearing on the lease "agent for the estate of Edw. Hurley, deceased" are merely *descriptio personae* and that the lease upon its face shows that it was executed by plaintiff individually.

We think that the question as to in what capacity plaintiff signed the lease and the assignment is one of fact, and, therefore, if there were no estoppel involved, open to explanation by parol testimony. [Smith v. Alexander, 31 Mo. 193; Jones v. Williams, 139 Mo. 1; Meyers v. Kilgen, 177 Mo. App. 724, 834, 735.] It is quite apparent that defendants are estopped to deny that plaintiff, the person from whom they rented and who put them in possession of the premises was their landlord with right to the remedies to which landlords are entitled, even though as a matter of fact he was merely acting as an agent. The evidence is undisputed that plaintiff put defendant, Norman Stevens, as well as Mounts, in possession. In view of the manner of the signature and the recitals in the lease, Hurley was prima-facie bound as the principal or landlord. [2 C. J., pp. 683, 684, par. 338.] Having entered into the lease in this manner, defendants are estopped from showing that plaintiff signed the lease in some other capacity than the landlord. [Hickman v. Fordyce, 179 Ky. 737, 739; Whaley v. Wynn, 208 Ala. 342; Hinckley v. Guyon, 172 Mass. 412.]

It is well established in this State that a tenant cannot dispute the title of his landlord, and this applies in unlawful detainer cases.

[Taylor v. White, 86 Mo. App. 526, 528; Grant v. White, 42 Mo. 285, 290, 291.] Defendants had the right to show that plaintiff transferred his interest in the property after the execution of the lease in question. [Pentz v. Kuester, 41 Mo. 447; Robinson v. The Troup Mining Co., 55 Mo. App. 662; Cook v. Basom, 164 Mo. 595.] But from what we have said they had no right to show that he transferred his interest prior to that time for to permit them to do so would be a violation of the rule prohibiting a tenant from disputing the title of his landlord.

The court did not err in refusing to permit defendants to show to whom the rent was paid, on the theory that defendants had attorned to plaintiff's mother and sisters with his consent. "Attornment is the acknowledgment by a tenant of a new landlord on the alienation of the land and an agreement to become the tenant of the purchaser." [1 Bouvier's Law Dictionary, p. 281, Rawle's Third Revision.] The showing of payment of rent to a stranger with the landlord's consent was not sufficient to establish attornment but it was also necessary to show a parting of the interest of the landlord to the stranger after the execution of the lease. It is not inconsistent with the idea of the landlord's having an interest in the property for him to direct that the rent be paid to someone else. The offer of proof did not go far enough. Defendants' offer should have shown that plaintiff had parted with his title since the execution of the lease. This, of course, defendants could not do for the reason that they were relying upon his having parted with his title prior to that time.

It is true that in an action in unlawful detainer the plaintiff is bound to show prior possession or right of possession, but this may be established by estoppel. Plaintiff put defendants into possession of the property. As we have before stated, they are estopped from claiming that he had no right to possession at that time.

"The general rule is that the plaintiff must show prior possession in himself, but this means only a possession prior to the inception of the wrongful possession of the defendant—i. e., prior to the beginning of the unlawful detainer. And, 'so long as the tenant holds under his lease, his actual possession is the actual possession of the landlord and proof of this actual possession, through and by his tenant, prior to and continuing to the time of the beginning of the unlawful detainer, fully meets the requirements of the doctrine under consideration.' [Nicrosi v. Philipi, supra; Beck v. Glenn, 69 Ala. 121.]" [Whaley v. Wynn, 208 Ala. 342, 343.]

The judgment is affirmed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.