Francis J. Maynes, Plaintiff, *v.* Vincent Luciano, Defendant.

City Court of Albany, Albany County, February 11, 1935.

*Eugene J. Steiner*, for the plaintiff.

*John J. Dapolito*, for the defendant.

DeStefano, J. The action is for rent of premises 152 Hudson avenue. On June 14, 1933, defendant had entered into a written lease of said premises with one Helen P. Koutzaroff, who had legal title thereto, agreeing to pay forty dollars per month. The lease was to expire on September 30, 1935. Previously, on September 7, 1932, said Helen P. Koutzaroff, having defaulted in the payment of her mortgage and interest, assigned, transferred and set over to the National Savings Bank of the city of Albany by written assignment all the rents due and to become due from the tenants of the above-mentioned real estate. Defendant vacated premises on July 1, 1934. Plaintiff claims seven months' rent, totaling $280. Defendant interposes a defense of constructive eviction.

Without deciding whether the defendant has proved a legal or meritorious defense, it becomes necessary to determine primarily whether the plaintiff in this action is the real party in interest.

Section 210 of the Civil Practice Act provides: " Every action must be prosecuted in the name of the real party in interest, except that an executor or administrator, a trustee of an express trust, a person with whom or in whose name a contract is made for the benefit of another, or a person expressly authorized by statute, may sue without joining with him the person for whose benefit the action is prosecuted."

Plaintiff does not sue as assignee nor as agent, but individually. In fact no written assignment of agency was ever made between the bank and plaintiff. The only authority for the bringing of this action was given orally by one Bult, treasurer of the bank, to the plaintiff.

An assignment of an account may be made by oral agreement, without writing or any written statement of the claim assigned; and, if founded on a valid consideration, vests in the assignee a right to proceed in his own name for the collection of the debt. (*Risley* v. *Phenix Bank of City of New York*, 83 N. Y. 318; *Shuttinger* v. *Woodruff*, 233 App. Div. 272, 276.)

The real party has been defined by the Court of Appeals: " If, as between assignor and assignee, the transfer is complete, so that the former is divested of all control and right to the cause of action, and the latter is entitled to control it and receive its fruits, the assignee is the real party in interest." (*Cummings* v. *Morris*, 25 N. Y. 625.)

But to be entitled to sue he must have the right of possession and ordinarily be the legal owner. Such ownership may be as equitable trustee; it may have been acquired without adequate consideration, but it must be sufficient to protect the defendant upon a recovery against him from a subsequent action by the assignor. (*Hayes* v. *Hathorn*, 74 N. Y. 486, 490.)

In other words, the plaintiff must have some title, legal or equitable, to the thing assigned. (*Spencer* v. *C. & M. Corp.*, 237 N. Y. 479, 480.)

Did the plaintiff in this action have such title? I think not. At most he was merely an agent or an attorney in fact. It was not shown whether the bank treasurer, Bult, had any authority to assign the claim to plaintiff.

*Barkley* v. *Wolfskehl* (25 Misc. 420, 421) was an action on notes owned by a corporation, wherein it appeared that after payment of the notes was demanded and refused, the secretary of the company delivered the notes to the plaintiff without indorsement or consideration, and it was there held that he, having no specific authority to do so, the plaintiff was not the real party in interest. (See, also, *Clark* v. *Dada*, 183 App. Div. 253, 258.)

Similarly in *Spencer* v. *C. & M. Corp.* (237 N. Y. 479), where the plaintiff brought an action, claiming as assignee under an instrument naming him as attorney for the alleged assignor, it was held that plaintiff was not within any of the definitions the trustee of an express trust, and that the instrument was merely a power of attorney to plaintiff to collect what may be due to the assignor solely for the benefit of the latter and transmitted

to him, and also that an attempt to authorize such an attorney to sue in his own name was under section 210 of the Civil Practice Act entirely unavailing, the court saying (at p. 482): " The plaintiff is clearly not within any of the definitions the trustee of an express trust. No legal title to the claim against the defendant was assigned to him. Neither does it appear that he has an equitable interest therein. Upon the face of the paper the attorney's duty is simply to collect what may be due to Quan Kai solely for the latter's benefit and to transmit it to him. It is the ordinary case of the appointment of an attorney in fact. The attempt to authorize such an attorney to sue in his own name is, under the provisions of section 210 of the Civil Practice Act, which in this respect follows the original code, entirely unavailing."

In *Federal Credit Bureau, Inc.*, v. *Zelkor Dining Car Corp.* (238 App. Div. 379, 387) it was held that plaintiff was not the real party in interest and lacked capacity to sue, where it appeared that it was suing for and on behalf of its assignor, and also that the mere fact that a person is constituted a collecting agent does not authorize him to sue upon and collect in his own name. (See, also, *Williams* v. *Crist Co.*, 190 App. Div. 29.)

The test to be applied is: Has the plaintiff the legal title, and will the recovery or satisfaction by plaintiff bar all claims by others? (*Borgos* v. *Price*, 140 Misc. 287.)

My conclusion is that plaintiff is not the real party in interest, having shown no legal title to the claim, and further that a recovery by him under the circumstances in this case would not bar the bank in a subsequent action brought by it. The complaint is dismissed.