MODERN INDUSTRIAL BANK, Appellant, v. DUNCAN A. WOODMAN, VICTOR H. SEARS and ROBERT F. BOPES, Respondents.— Contract action to enforce the pur-

chase by the defendants of certain stock in the event that a certain note was not paid to the plaintiff on its due date. The defendants in their answer asserted that their respective alleged contracts had been subjected to unauthorized material alterations which discharged them from their obligations. Order of the Appellate Term and judgments of the City Court reversed on the law and the facts, and judgment directed in favor of the plaintiff against the defendants in the sum of $1,200, with interest from September 5, 1940, with costs in all courts. The evidence disclosed that the application for the basic loan, the note and the corporate resolution were all on printed forms of the plaintiff bank, with the latter's name printed therein; that they were signed on behalf of the corporate borrower by the defendant Woodman as its president, and that he, as its secretary, certified that the corporate resolution which named the plaintiff bank as the lender was an act of the board of directors, of which defendants Woodman and Sears were members. These documents established conclusively that their testimony that the loan was being negotiated without their knowledge with the plaintiff bank was false. In any event the instruments the defendants signed purposely left a space for the insertion of the name of an addressee. These instruments, delivered by the defendants in this condition, authorized the individual to whom they were delivered to fill in the name of any addressee that would effect a borrowing in the amount which the defendants concededly authorized. That insertion, therefore, was not an alteration. The other insertion of which they complain purported to be the act of Raymond K. Bartlett, to whom the instruments had been delivered by the defendants. This insertion evidenced that Bartlett, whose stock was mentioned in the instrument, consented that the contract between the defendants and the plaintiff was without recourse against the bank in any event. The indorsement to this effect was not an alteration of any obligation of the defendants. It evidenced a separate and distinct arrangement between Bartlett and the bank which inured to the benefit of the bank and might be of advantage through the bank to the defendants. The defense, therefore, of material alterations was not sustained by the proof. Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.