**KOEHNE v. HARVEY.**

No. 294.

Municipal Court of Appeals for the
District of Columbia.

Feb. 11, 1946.

Rehearing Denied Feb. 20, 1946.

See, also, 39 A.2d 871.

Ira Chase Koehne, of Washington, D. C., pro se.

Joseph T. Sherier, of Washington, D. C., for appellee.

Before CAYTON and HOOD, Associate Judges; and QUINN, Associate Judge of Municipal Court for District of Columbia.*

---

* The appeal was first argued on September 25, 1945 before Chief Judge Richardson and Associate Judges Cayton and Hood. Before a decision was reached,

CAYTON, Associate Judge.

This is an appeal from a judgment in favor of the landlord in an action for possession of a room in the Barr Building.[1] The tenant, Ira Chase Koehne, had held possession under a lease from Thomas J. Fisher and Company, which had acted as rental agent for the owner. On February 28, 1944, the building was sold to new owners. As a part of the transaction Fisher and Company delivered Koehne's lease to the new owners, with an assignment of the lease by the Fisher Company endorsed on the back. No assignee was named in the assignment, a blank space being left for insertion of the name of the assignee.

One Albee, who had acted as manager of the building under the former ownership, continued as such for a while under the new ownership; and Koehne continued to make rental payments to him. Thereafter, Harvey, plaintiff in the action below, notified Koehne that he had been appointed managing agent for the building and that on and after May 1st, payments for rent should be made to him. Koehne paid April and May rent to Harvey. (Since these payments were made to Harvey as managing agent only, they did not constitute an attornment to him as landlord.)

On June 1, 1944, Harvey gave Koehne notice to quit, stating in the notice that he (Harvey) "is your present Landlord, by virtue of an assignment of a certain monthly agreement, signed by you as Lessee on April 2nd, 1943, and by Thomas J. Fisher and Company Incorporated as Lessor." Koehne did not vacate and the suit for possession followed. Plaintiff, relied upon the lease between the Fisher Company and Koehne, and the assignment thereof to him. Defendant claimed (1) that the assignment was invalid, and (2) even assuming its validity, plaintiff was still a mere agent with no interest in the premises and no right to maintain the suit for possession.

Defendant demanded a jury trial, and a jury was impaneled to hear the case. But before the conclusion of the trial the parties stipulated in writing that the jury be discharged and that the case be heard and decided by the trial judge. Finding for plaintiff resulted. After judgment for possession was entered a writ of restitution was issued, and was executed by the United States Marshal, who delivered possession of the premises to the plaintiff-landlord. Defendant has nevertheless prosecuted this appeal.

We must first consider the circumstance that the lease between Fisher and Koehne was assigned in blank and delivered by the new owners to Harvey with instructions to insert his own name as assignee.

It is the general rule that when an assignment has been executed in blank, there is an implied authority to fill in the blanks, to complete the instrument.[2]

Here the situation is even stronger for the assignee; for his authority was not based upon mere implication. Though it be conceded that the authority from the Fisher Company was verbal (or verbal in part), and implied only; yet it is uncontradicted that the authority from the new owners to Harvey to complete the assignment in his name was direct and express.

This brings into play the general rule that an assignment in blank is as effective after it has been filled in, as if it had originally been executed in complete form.[3]

Nor are we aware of any rule of law which would make the assignment any less valid merely because Harvey's name was not inserted immediately. It is understandable that after the new owners acquired title they would need time to select a suitable manager or agent to protect their investment in a building of this size. Having found him, it was but natural that they would then complete the assignment by having his name inserted, and thus vest in him all the rights which

---

Chief Judge Richardson died. Thereafter Judge Quinn was designated to sit in the case as Acting Judge, pursuant to the provisions of Code 1940, § 11—771, and the case was reargued.

[1] This being non-dwelling property, it is not subject to the Emergency Rent Act.

[2] McNulty v. Cooper, 3 Gil. & J., Md., 214; Flexner & Lichten v. Dickerson, 65 Ala. 72; Thomas v. Fursman, 39 Cal.App. 278, 178 P. 870; Waldron v. Baker, 4 E. D. Smith, N.Y., 440.

[3] Thomas v. Fursman, supra; Evinger v. MacDougall, 28 Cal.App.2d 175, 82 P. 2d 194; Modern Industrial Bank v. Woodman, 263 App.Div. 1019, 33 N.Y.S. 2d 972; Siwooganock Guaranty Sav. Bank v. Cushman, 109 Vt. 221, 195 A. 260.

the Fisher Company originally had under the lease. These included the right to manage the building, to supervise the tenancies, to collect rents, and other attendant rights of a landlord, *including the right to institute possessory actions*. For if Harvey is not the landlord, who is? Certainly not the Fisher Company, for it relinquished all its rights by making the assignment. While it may be conceded that the new owners of the fee could have sued in their own names as landlords, it is quite plain that they elected not to do so, and expressly vested Harvey with that right. And there is little doubt that, had the new owners brought the suit, the tenant would have confronted them with the assignment, as evidence of the fact that they had constituted Harvey the landlord. What the answer to that contention would have been we need not speculate, for there was and is no dispute between the new owners and Harvey.

But appellant raises another objection, this one procedural. He insists that Harvey has no right to maintain the suit because he is not the "real party in interest." In examining this contention we first turn to Rule 17(a) of the Municipal Court, which is identical with Rule 17(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. It reads: "Every action shall be prosecuted in the name of the real party in interest; but * * * a party with whom or in whose name a contract has been made for the benefit of another * * * may sue in his own name without joining with him the party for whose benefit the action is brought."

Harvey, as we have said, is the landlord; and our Code (1940, Sec. 45—910) gives the landlord the right to sue for possession. Harvey's right to sue is based on the assignment, and the assignment is not in question as between the owners and Harvey. Therefore we might safely and very properly stop at this point and say that all the tenant was entitled to demand was "such a party plaintiff as will render the judgment final and res adjudicata of the right sued upon," [4] and that Harvey is such a party plaintiff. We can think of no theory on which it could reasonably be questioned that the judgment in this case binds the owners and protects the tenant from ever having to face a second suit on account of the same claim or subject matter. We therefore rule that in the circumstances of this case Harvey was vested with the authority of a landlord, and entitled to maintain the suit.

We are aware that in Heiskell v. Mozie, 65 App.D.C. 255, 82 F.2d 861, 863, it was held that Heiskell, as agent, was not "the real party in interest." But that ruling must be considered in the light of the special circumstances of the case. It was a contempt proceeding in which the agent was charged with violating a rule of court which prohibited all except attorneys from appearing in a representative capacity. It was charged that he had sought to circumvent the rule by filing suits in his own name, when in fact he was really "representing" owners. Construing Section 272 of the Judicial Code, 28 U.S.C.A. § 394, which provided that "the parties may plead and manage their own causes personally" the Court held that "the parties" meant the "real, beneficial owners of the claims asserted in the suit" and that a real estate agent was not such a person and was not entitled to manage his suit personally. No such factors are present in the case before us. Here the agent did not seek to manage his own cause personally; he was represented by an attorney throughout the proceedings. And it is clear enough that he was the owner of the claim. Furthermore, we think it is fair to say that statements made in such a context should not be applied indiscriminately to all situations in which a real estate agent is involved, or to all statutes which may use the word "parties" or some comparable word. The holding that Heiskell was not the real party in interest within the meaning of Section 272 of the Judicial Code, is not controlling in a situation like the one now before us. Indeed this was carefully acknowledged by the Court in the Heiskell case, thus: "We shall assume, for the purposes of this case, and in the absence of any statute to the contrary, that when a civil contract is made with an agent for an undisclosed principal in the agent's own name, *either the agent or the principal may sue upon it*. We shall also assume that petitioner, having lawful possession of the property, *had the right to make the lease in his own name. In this view the action*

[4] Rosenblum v. Dingfelder, 2 Cir., 111 F.2d 406, 407. See also McWhirter v. Otis Elevator Co., D.C.W.D.S.C., 40 F. Supp. 11; Maynes v. Luciano, 154 Misc. 519, 278 N.Y.S. 335.

*could properly be brought in the name of the agent."* (Emphasis supplied.)

The original lessor, the Fisher Company, was, like Harvey, a mere rental agent with neither legal nor equitable interest in the land. Nevertheless, it had the right to make the lease in its own name. And, had the Fisher Company sued for possession (before the lease was assigned) Koehne would have been estopped to question either their title or their status as landlord.[5] It is by virtue of this thoroughly established rule of estoppel that agents who are in privity with tenants are authorized to sue (and in fact do sue·by the thousands) in their own names.[6]

But even aside from the question of estoppel, the right of assignees of nonnegotiable instruments to sue in their own names has been repeatedly affirmed in many well-reasoned cases in the Federal and State courts.[7] Moreover, the question of whether an assignee may sue in his own name is, as we have already said, a question of the form of the remedy only,[8] and is governed by statute in this jurisdiction. Code 1940, § 28—2503 reads: "All nonnegotiable written agreements for the payment of money, including nonnegotiable bills of exchange and promissory notes, and for the delivery of personal property, all open accounts, debts, and demands of a liquidated character * * * may be assigned in writing, so as to vest in the assignee a right to sue for the same in his own name."

And even if it could be successfully contended that the language just quoted does not include leases, we find ample authority in a group of modern cases to support the proposition that Harvey, as assignee or successor of the original landlord, suing in his own name, is entitled to prevail under the estoppel doctrine.[9] His was no mere nominal interest: he had acquired all the rights, and all the remedies for the enforcement thereof, which his assignor had.

Thus, as we see it, the evidence and the law establish in Harvey the status of one who has by a valid assignment become the complete owner of a lease and of a potential claim for possession, and who has the resultant right to assert that claim in his own name in the courts. To adopt the language of McFarlane v. Kirby, cited above, "the right of entry and of suit for possession of the demised premises had accrued to the appellee as assignee of the lease."

We have studied the record in the light of certain other arguments advanced by appellant and we find no error in the case.

Affirmed.

HOOD, Associate Judge (dissenting).

I cannot agree that Harvey was landlord of Koehne and therefore cannot agree that Harvey was entitled to maintain the action. Koehne's tenancy commenced under his lease from Fisher and Company. When the property was conveyed to the new owners they became Koehne's landlords with the same rights as the former landlord. Code 1940, § 45—932; Bailey v. Allan E. Walker & Co., Inc., 53 App. D.C. 307, 290 F. 282; Selden v. Lee, 55 App.D.C. 164, 3 F.2d 335. No attornment by Koehne to the new owners was necessary. Code 1940, § 45—933. Thus, the relationship of landlord and tenant was created between the new owners and Koehne and that relationship continued to exist unless Harvey became, as he claimed to be, the landlord of Koehne.

5 Stott v. Rutherford, 92 U.S. 107, 23 L.Ed. 486; McFarlane v. Kirby, 28 App. D.C. 391; Funk's Lessee v. Kincaid and Murdock, 5 Md. 404.

6 Whaley v. Wynn, 208 Ala. 342, 95 So. 16; Hinckley v. Guyon, 172 Mass. 412, 52 N.E. 523; Hurley v. Stevens, 220 Mo. App. 1057, 279 S.W. 720; Halsey v. Sauer, 79 N.J.L. 159, 74 A. 508; Melcher v. Kreiser, 28 App.Div. 362, 51 N.Y.S. 249.

7 Falvey v. Foreman-State Nat. Bank, 7 Cir., 101 F.2d 409, certiorari denied 307 U.S. 632, 59 S.Ct. 835, 83 L.Ed. 1514; Joseph Miele Const. Co. v. City of Niagara Falls, D.C.W.D.N.Y., 21 F.Supp. 442; Worthington v. Curd, 15 Ark. 491; Lucas v. Pico, 55 Cal. 126; Morrison v.

Beach, 190 Cal. 507, 213 P. 945; Drew v. Mosbarger, 104 Ill.App. 635; Okun v. Rotstein, 248 Ill.App. 171; Hickman v. Fordyce, 179 Ky. 737, 201 S.W. 307.

8 Lewis v. Club Realty Co., 264 Mass. 588, 163 N.E. 172; Italo-Petroleum Corporation of America v. Hannigan, 1 Terry 534, 40 Del. 534, 14 A.2d 401.

9 Casey v. Johnson, 193 Ark. 177, 98 S.W.2d 67; General Motors Corporation v. Phelan, 323 Ill.App. 295, 55 N.E.2d 404; Kouma v. Murphy, 129 Neb. 892, 263 N.W. 211; Drake v. Cunningham, 127 App.Div. 79, 111 N.Y.S. 199; People v. Savage, 236 App.Div. 745, 258 N.Y.S. 624; McManus v. Maloy, 30 S.D. 373, 138 N.W. 963.

Appointment of Harvey as managing agent of the building did not make him Koehne's landlord. Payments of rent by Koehne to Harvey as agent were not in recognition of Harvey as landlord, but in recognition of his agency for the owners. Notice of Harvey's claim to be landlord was first given to Koehne in the notice to quit. Thereafter Harvey received no rent from Koehne, and thus Koehne never attorned to Harvey or recognized him as landlord. Consequently, there is no basis for estoppel against Koehne to deny Harvey's assertion of the status of landlord. This leaves Harvey's claim as landlord resting squarely on the fact that after his appointment as manager of the building, he was authorized by the new owners to insert his name in the blank assignment of lease.

Assuming the complete validity of the assignment by Fisher and Company to Harvey and that it had the effect of assigning to Harvey the rights of Fisher and Company, the question arises as to what rights Fisher and Company had to assign. It is conceded that Fisher and Company was simply agent for the former owner and had no title to the property. Koehne having entered possession under the lease from Fisher and Company was estopped to deny that Company's title (Tebbs v. Union Realty Corp., 52 App.D.C. 347, 286 F. 1011), but he was not estopped to show that such title had expired or had been terminated by operation of law. Johnson v. Riddle, 240 U.S. 467, 60 L.Ed. 752. When the property was conveyed by the former owner to the new owners, they became Koehne's landlord and Fisher and Company's title, depending purely on estoppel, expired. The rule that estoppel to deny the landlord's title runs with the land has no application here; Fisher and Company never held the reversion and its assignment of the lease to Harvey could not operate as an assignment of the reversion. The reversion passed to the new owners by conveyance from the former owner. Surely, if at the time the property was conveyed to the new owners, Fisher and Company had assigned the lease to a total stranger, it could not be said that such assignee became Koehne's landlord or that Koehne would be estopped to show the conveyance to the new owners and that they were his rightful landlords. Suppose Fisher and Company had refused to assign the Koehne lease. Would it have made any difference? Would Fisher and Company have continued to be Koehne's landlord? Would the new owners have been powerless to sue Koehne for possession? I think not. Conveyance of the leased property carried with it the rights of the landlord in the unexpired term, regardless of any so-called assignment of the lease. The assignment of the reversion, i. e., the conveyance, was all that was necessary. Transfer of the reversion left Fisher and Company nothing to assign and the assignment to Harvey transferred nothing to him. The fact that Harvey was agent of the new owners gives the assignment no broader effect.

As I see the situation, conveyance of title by Fisher and Company's principal to the new owners vested in them all rights as landlords. They, as holders of the reversion, could maintain a suit for possession; and Fisher and Company, following the conveyance, had no right to possession and could not maintain the proceeding; and, having no such right, could not assign such a right to Harvey.

It is not necessary to consider what would have been the effect had the new owners inserted their own names in the assignment from Fisher and Company and thereafter made an assignment to Harvey, or had Koehne, after notice of Harvey's claim to be his landlord, paid rent to him in recognition of that claim. Harvey's claim as landlord rests entirely on the assignment from Fisher and Company and, as I have indicated above, in my opinion the assignment had no such effect.